*451 OPINION OF THE COURT
Dominic R. Massaro, J.
J. P. Orda stands indicted for the crimes of sodomy in the first degree (Penal Law § 130.50 [1]) and sexual abuse in the first degree (Penal Law § 130.65 [1]). At the conclusion of the People’s case (at which point the court reserved decision), and again upon completion of the entire case, on the ground that the evidence presented is not legally sufficient to establish either of the offenses charged against him, Mr. Orda seeks a trial order dismissing the indictment (CPL 290.10). Specifically, he sets forth that the necessary “forcible compulsion” element of each crime has not been made out. The motion is denied.
THE INCIDENT
The facts are these: Mr. Orda is a home health care attendant. He was part of a team assigned around-the-clock for a quadriplegic, the herein complaining witness, Alberto Edwards. Defendant’s responsibilities were all inclusive: feeding, dressing, bathing, ambulatory accompaniment and recreation. Attending to Mr. Edwards’ most basic personal needs was required and included both bathroom assistance and changes and adjustments necessary for a condom catheter the patient is required to wear at all times. As a quadriplegic paralyzed from the neck down, Mr. Edwards lacks all bodily movement; his wheelchair, which also must be attended, serves as his only means of mobility.
On the day in question, the complainant asked defendant to change his clothing. Defendant removed Mr. Edwards from his mobile wheelchair and placed him on a bed. While his clothes were being changed, the complainant noticed that his condom catheter had slipped off his penis. He asked for it, too, to be changed. As the catheter was being removed, Mr. Edwards experienced an involuntary erection.
At this juncture, the complainant alleges that defendant remarked in exclamation, “[W]ow, that thing is big”, to which complainant replied, “[Y]ou keep talking to me like this, I’m going to call the supervisor.”[2] Allegedly, defendant then placed his mouth on the complainant’s penis. Mr. Edwards tells us that lying on the bed, lacking any ability to move, he could only scream to his neighbors for help, all the while demanding that defendant stop the unwanted activity. He testified that he *452 spit at defendant, causing Mr. Orda to remark, “[I] don’t care, spit in my face.”[3] At the end of this alleged episode, the complainant stated that he was placed back in his wheelchair. His demands for a telephone were ignored; likewise his order that defendant leave the apartment immediately. Mr. Orda, he testified, informed him that he would leave only when the relief home health care attendant arrived at shift’s end. Further, he testified that he was threatened: “[I]f I report him * * * he was going to do something to me outside”,[4] but expressed no fear.
THE LAW
The pertinent portions of the criminal statutes under which defendant is charged read as follows:
“A person is guilty of sodomy in the first degree when he engages in deviate sexual intercourse with another person:
“1. By forcible compulsion” (Penal Law § 130.50 [1]).
“A person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact:
“1. By forcible compulsion” (Penal Law § 130.65 [1]).
Defendant argues that there is no evidence that he employed “forcible compulsion” to engage in “deviate sexual intercourse” or to subject the complainant to “sexual contact” as required by statute (see, CPL 70.10 [1]).
The present definition for the term “forcible compulsion” has evolved from a long history of Anglo-American criminalization of sexual activity. New York has seen a fairly expansive case law interpretation of the term (see, e.g., People v Yanik, 43 NY2d 97 [1977] [“earnest resistance”/“utmost resistance.”]; People v Thompson, 72 NY2d 410 [1988] [“inference” of “serious physical injury” sufficient]) and a series of statutory amendments prompted by laudable policy considerations in reaction thereto. The case law and statutory amendments have interacted to progressively recast the operational legal definition of the term to meet changing societal attitudes. Indeed, since its enactment in 1965 as “physical force that overcomes earnest resistance” (see, Penal Law § 130.00 [8], as enacted by L 1965, ch 1030), it has undergone three amendments in relative rapidity (see, L 1977, ch 692, § 2 [“physical force which is capable of overcoming earnest resistance”]; L 1982, ch 560, § 1 [“physical force or a threat * * * of * * * serious physical injury”]; L *453 1983, ch 449, § 1 [“physical force * * * or * * * threat * * * of * * * physical injury”. (See generally, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 130, at 409-411.) By these amendments, the Legislature has incrementally shifted legal scrutiny onto the conduct of the attacker and away from the level of resistance offered by the victim, the traditional standard inherited from the common law (see, e.g., People v Abbot, 19 Wend 192 [Sup Ct 1838]; People v Morrison, 1 Parker Cr Rep 625 [Greene County Oyer and Terminer 1854]; People v Dohring, 59 NY 374 [1874]; People v Carey, 223 NY 519 [1918]).
Thus, section 130.00 (8) of the Penal Law now instructs:
“ ‘Forcible compulsion’ means to compel by either:
“a. use of physical force; or
“b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped.”
This makes clear that the compulsion may come solely from the use of physical force; alternatively, in the absence of physical force, compulsion can be found in a threat that, at least, induces fear of physical injury.
Specifically, defendant sets forth that the trial testimony presents neither actual physical force nor express or implied threat. Mr. Orda submits that the testimony, when viewed in a light most favorable to the prosecution, thus fails to establish the requisite element of forcible compulsion before or during the alleged act. He argues that even if this be found to be an objectional sex act, the fact that it was neither committed within a compulsive context nor the product of a perceivable threat of harm does not make for a prima facie case, and the indictment, as a matter of law, must be dismissed.
ALTERNATIVE ANALYSIS
“Forcible compulsion can be established by evidence that the defendant used his superior age, size and strength to prevent the victim from escaping, and to compel [the victim] to have sex[] * * * with him” (People v Roman, 179 AD2d 352, 353 [1st Dept 1992], lv denied 79 NY2d 952 [1992]; see also, People v Dehler, 216 AD2d 643 [3d Dept 1995], lv denied 86 NY2d 734 [1995]; Matter of Bruce T., 190 AD2d 805 [2d Dept 1993]; People v Yeaden, 156 AD2d 208 [1st Dept 1989], lv denied 75 NY2d 872 [1990]). The absence of some perceivable threat of harm in *454 compelling the sex complained of, in and of itself, does not negate a forcible compulsion finding. On the other hand, testimony of force, where accompanied by a threat of harm, even one delivered following an attack, can couple to establish the requisite element (see, People v Roman, supra; People v Dorsey, 104 Misc 2d 963 [Sup Ct, Bronx County 1980]; see also, People v Concepcion, 175 AD2d 324 [3d Dept 1991], lv denied 78 NY2d 1010 [1991]).
In his negation of forcible compulsion, Mr. Orda relies on People v Cook (186 AD2d 879 [3d Dept 1992]). He argues that the prosecution must demonstrate, not just that the complainant did not consent to the alleged act, but also that the defendant compelled the complainant to engage in or submit to it out of fear of physical injury. Indeed, a threat, either express or implied, which places a person in fear of physical injury, as set forth in the statute, is enough to constitute forcible compulsion (see, Penal Law § 130.00 [8]). In considering his argument, however, overlooked is the legally permissible alternative which, while coupled in Cook to uphold conviction there, otherwise permits a forcible compulsion finding based on the use of physical force alone.
INHERENTLY COERCIVE
Defendant’s actions here prevented Mr. Edwards from even the hope of escape by virtue of having removed him from his mechanized wheelchair and placing him on the bed. This removal and placement, if credited, can be found to have ripened into physical force directed against the victim, ultimately a domineering act of restraint; likewise, the victim’s communication of his unwillingness to engage in the sexual activity by spitting and verbalizing, which is all that he could physically do.
Surely in the instant case there can be no question of the great disparity in physical condition between defendant and his quadriplegic charge. Mr. Edwards, in fact, is physically helpless. And while the statutory “ ‘physical! ] helpless [ness]’ ” requirement is not satisfied by an inability to move one’s body where the victim is able to protest verbally (see, Penal Law § 130.00 [7];[5] People v Morales, 139 Misc 2d 200 [1988]) — a statutory definition which deserves reexamination — given the circumstances extant under this indictment and notwithstand *455 ing the victim’s ability to communicate, the disparity here is found to be inherently coercive. Forcible compulsion can be inferred from the facts leading up to the sodomy or sexual abuse (see, People v Gonzalez, 136 AD2d 735 [2d Dept 1988], lv denied 71 NY2d 896 [1988]).
The victim testified that following the sexual assault, defendant stated that if the complainant reported him, he would do “something to me outside”.[6] While the subjective state of mind of a victim found in a threat that induces fear of physical injury could be relevant to prove the crime(s) charged, such fear was neither expressed nor established here; however, it is an alternative ingredient of forcible compulsion analysis not required for consideration under the evidence as adduced.
CONCLUSION
As a matter of law, then, the court finds that the prosecution presented competent evidence at trial not warranting dismissal of the indictment. If accepted as true, the finder of fact could conclude, beyond a reasonable doubt, that defendant engaged in an objectionable sexual act by means of forcible compulsion, in that he used physical force to compel said act.

. Transcript, Nov. 6, 1998, Edwards, direct, at 78.

. Id., at 80.

. Id., at 85.

. “ ‘Physically helpless’ means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act” (Penal Law § 130.00 [7]).

. Transcript, op. cit., at 85.