■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN WALLACE, Appellant. [722 NYS2d 416] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 23, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's request for a missing witness charge. Because the defendant waited until both sides had rested to ask for that charge, his request was untimely (see, People v Bowman, 270 AD2d 355; People v France, 265 AD2d 424; People v Kourani, 256 AD2d 620, 622; People v Asphill, 208 AD2d 550, 551; People v Correll, 207 AD2d 410).

The defendant's remaining contentions raised in his supplemental pro se brief are either unpreserved for appellate review or without merit. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DARIA WHITE-DOUGLAS, Respondent. [722 NYS2d 416] —Appeal by the People from an order of the Supreme Court, Queens County (Lewis, J.), dated February 24, 2000, which granted the defendant's motion to dismiss the indictment pursuant to CPL 210.40 (1).

Ordered that the order is reversed, as a matter of discretion in the interest of justice, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Upon our review of the factors set forth in CPL 210.40 (1), we conclude that the dismissal of the indictment in this case was not warranted (see, CPL 210.40 [1]; People v Nadeem, 276 AD2d 567; People v Crespo, 244 AD2d 563, 564; People v Lagnese, 236 AD2d 629; People v Hudson, 217 AD2d 53). Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.