OPINION OF THE COURT
Matthew F. Cooper, J.
The defendant is charged with the crimes of public lewdness, in violation of Penal Law § 245.00, sexual abuse in the third degree, in violation of Penal Law § 130.55, and forcible touch *474 ing, in violation of Penal Law § 130.52 (1) and (2).[1] The defendant moves to dismiss the two counts of forcible touching on the grounds of facial insufficiency. The defendant also moves for various other relief.
Facial Sufficiency
Forcible touching became a crime in New York on February 1, 2001. The Legislature added the offense, a class A misdemeanor, as part of the Sexual Assault Reform Act and in response to the notorious incidents of groping of women by groups of men in Central Park following a parade on June 13, 2000. (See Donnino, Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 130, 2001-2002 Interm Pocket Part, at 118 [2002].)
Penal Law § 130.52 defines the crime of forcible touching as follows:
“A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person:
“1. for the purpose of degrading or abusing such person; or
A requisite element of all sex offenses defined under article 130 of the Penal Law is the complainant’s lack of consent. (Penal Law § 130.05 [1].) Consequently, lack of consent is a necessary element of the crime of forcible touching, as forcible touching is an offense defined under the article. Penal Law § 130.05 (2) (a)-(d) provides:
“Lack of consent results from:
“(a) Forcible compulsion; or
“(b) Incapacity to consent; or
“(c) Where the offense charged is sexual abuse, any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor’s conduct; or
*475 “(d) Where the offense charged is rape in the third degree as defined in subdivision three of section 130.25, or sodomy in the third degree as defined in subdivision three of section 130.40, in addition to forcible compulsion, circumstances under which, at the time of the act of intercourse or deviate sexual intercourse, the victim clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor’s situation would have understood such person’s words and acts as an expression of lack of consent to such act under all the circumstances.”
The complaint in this case alleges that on September 26, 2001, Jason Denicker, a bystander on the subway platform at East 68th Street and Lexington Avenue in Manhattan, observed the defendant rub his exposed penis against the buttocks and thigh area of a “blonde female.” The unidentified female immediately screamed out, began crying and ran out of the subway station. Prior to the defendant’s actions, the female did not interact with or acknowledge the defendant. The information further alleges that “based upon the defendant’s * * * actions” and the “circumstances surrounding said conduct,” the defendant did not have “permission or authority to touch said female in any way.”
Criminal Procedure Law § 100.40 provides that an information is facially sufficient when it: (i) complies with the form and content requirements specified in Criminal Procedure Law § 100.15; (ii) includes factual allegations which provide reasonable cause to believe that the defendant committed the offense charged; and (iii) contains nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1].) An instrument which does not so provide is defective and must be dismissed. (People v Alejandro, 70 NY2d 133, 139 [1987].)
The defendant argues that the information is facially insufficient as to the forcible touching counts because it fails to allege facts which support the lack of consent element required by Penal Law § 130.05. The People maintain that pursuant to Penal Law § 130.05 (2) (c), the lack of consent element may be met, and in this case is aptly met, by considering the surrounding circumstances.
It is the defendant’s position that in cases of forcible touching, the prosecution may only establish the lack of consent element through forcible compulsion or incapacity to consent. The defendant submits that Penal Law § 130.05 (2) (c) and (d) are inapplicable because those sections are limited to specific offen *476 ses other than forcible touching. He argues that Penal Law § 130.05 (2) (c) refers to cases where the offense charged is “sexual abuse” and Penal Law § 130.05 (2) (d) refers to cases where the offense charged is “rape in the third degree” or “sodomy in the third degree.”
In their response to the defendant’s motion, the People address the defendant’s contention that Penal Law § 130.05 (2) (c) does not apply to the crime of forcible touching. They do not, however, respond to the defendant’s argument that the information herein is devoid of factual allegations which tend to establish lack of consent by either forcible compulsion or incapacity to consent.
In support of their position that Penal Law § 130.05 (2) (c) applies to the. offense of forcible touching, the People present both an argument based on a plain reading of the statute and an argument based on public policy. Initially, the People contend that the defendant’s argument is based on a misreading of the statute. The People suggest that the Legislature’s use of the term “sexual abuse” in section 130.05 (2) (c) of the Penal Law was meant to apply generally to all forms of sexual abuse, including forcible touching, which the People maintain is an aggravated form of sexual abuse.[2] The People point to the fact that the term “sexual abuse” is not capitalized. This, they contend, demonstrates that the Legislature did not intend to restrict the reach of Penal Law § 130.05 (2) (c), as suggested by the defendant. The court notes, however, that while the Legislature did not capitalize the terms “rape in the third degree” or “sodomy in the third degree” in Penal Law § 130.05 (2) (d), that section is clearly limited to those offenses.
The People further maintain that it would run counter to public policy for the court to hold that Penal Law § 130.05 (2) (c) does not apply to the. crime of forcible touching. The People write, “A requirement of forcible compulsion defeats the very purpose of proscribing a certain class of conduct for which the crime of forcible touching was created.” (People’s affirmation, at 5, para 11.) They contend that the term “forcible” as used in the statute is merely meant to distinguish deliberate conduct on the part of the defendant from accidental conduct.
Although the People’s public policy argument is persuasive and it may very well be that the interests of justice would be served best by allowing lack of consent in the case of forcible *477 touching to be shown through the surrounding circumstances, the court may only allow that which the statute permits. (See People v White, 188 Misc 2d 394 [Sup Ct, NY County 2001].) It is not policy concerns but rather the principles of statutory interpretation that are controlling. (See Matter of DeVita, 141 AD2d 46 [2d Dept 1988].)
It is a well-established principle that in interpreting a statute, a court’s primary obligation is to determine and give effect to the Legislature’s intent. (See McKinney’s Cons of NY, Book 1, Statutes § 92 [a].) Such legislative intent must first be sought from a literal reading of the statute. {See Statutes § 92 [b].) “The legislative intent is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction.” (Statutes § 94.) Furthermore, only when the words of a statute are ambiguous or unclear may the court look beyond the statute to determine its legislative intent. (See Statutes § 76; see also, Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1988], citing Tompkins v Hunter, 149 NY 117, 122-123 [1896].)
Here, the words of the statute are clear — in cases where the crime charged is sexual abuse, lack of consent may be established by any surrounding circumstances which indicate that the victim does not expressly or impliedly acquiesce in the actor’s conduct. {See Penal Law § 130.05 [2] [c].) It is equally clear that in using the term “sexual abuse” in section 130.05 (2) (c) of the Penal Law, the Legislature did not intend for it to be construed to apply to all sexual offenses defined in article 130 of the Penal Law. When the Legislature added the crime of forcible touching as part of the Sexual Assault Reform Act, it also added subdivision (d) to Penal Law § 130.05 (2). This subdivision allows lack of consent in cases of rape in the third degree and sodomy in the third degree to be demonstrated by describing the circumstances, at the time of the act, which express that the victim did not consent. Notably, while the Legislature expanded the pleading rules regarding lack of consent in cases of rape in the third degree and sodomy in the third degree by adding subdivision (d), it did not choose to expand the reach of subdivision (c).
The court’s conclusion — that it is clear from a plain reading of the statute that section 130.05 (2) (c) is not applicable to the crime of forcible touching — is further supported by the fact that the Legislature is currently taking steps to rectify the *478 perceived gap in the present law. In May 2001, a bill was introduced in the Senate which proposed amending section 130.05 (2) (c) of the Penal Law “to include the offenses of forcible touching and gang sexual assault among those offenses for which lack of consent results from circumstances in which the victim does not expressly or impliedly acquiesce in the actor’s conduct.” (2001 NY Senate Bill S 5313A [emphasis added].) On March 4, 2002, the bill was passed in the Senate and is currently pending before the Assembly.[3]
In this case, it would be difficult to conclude that the facts alleged in the complaint do not demonstrate circumstances indicative of a lack of consent to the conduct in question. The problem for the People, however, and the issue that the court cannot avoid, is that the statute, as it is now written, does not permit that conclusion to be drawn. Until such time as the Legislature amends the statute, the court is constrained to hold that Penal Law § 130.05 (2) (c) does not apply to the crime of forcible touching.
Having concluded that lack of consent in forcible touching cases may not be established by an examination of the circumstances surrounding the defendant’s conduct, the court now turns to the defendant’s argument that the information fails to establish lack of consent by incapacity to consent or forcible compulsion. The defendant submits that incapacity to consent (Penal Law § 130.05 [2] [b]) may not be employed here because there are no factual allegations that the complainant is under the age of 17 years, mentally disabled or incapacitated, physically helpless or otherwise incapable of consenting as such term is defined in section 130.05 (3) of the Penal Law. Through their failure to respond to this argument, it appears that the People have conceded its correctness. Additionally, the court’s own review of the instant information reveals that it lacks any factual allegations indicating that the complainant is incapable of consenting.
The defendant also argues that absent from the information are any facts tending to show lack of consent by forcible compulsion. “ ‘Forcible compulsion’ means to compel by either: (a) use of physical force; or (b) a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, *479 she or another person will immediately be kidnapped.” (Penal Law § 130.00 [8].)
While physical force is not expressly defined in the Penal Law, case law has provided some guidance in this area, particularly in the context of robbery cases. (See, e.g., People v Santiago, 62 AD2d 572 [2d Dept 1978].) “[B]odily contact alone * * * , especially when it is effected by a mere touching” does not rise to the level of physical force contemplated by the Penal Law. (People v Flynn, 123 Misc 2d 1021, 1023 [Sup Ct, NY County 1984].) Physical force is found where there is some “power or strength or violence exerted against a body.” (Flynn, 123 Misc 2d at 1023; see also, People v Thompson, 158 AD2d 563 [2d Dept 1990] [victim testified that “defendant cornered her, threw her down and * * * had sexual intercourse with her against her will”]; People v Williams, 152 AD2d 989 [4th Dept 1989] [13 year old’s testimony that defendant pulled her by the arm and led her into the house, “ripped her shirt off, threw her on the sofa and pressed on her shoulders during intercourse” was sufficient to show forcible compulsion]; People v Randall, 86 AD2d 918, 919 [3d Dept 1982] [victim’s testimony that “defendant grabbed her by the hair and continually held her in a firm grip” while forcing her to engage in sex acts was sufficient to establish lack of consent by forcible compulsion].)
Forcible compulsion by physical force has also been found where the defendant, taking advantage of his physical size and strength over the victim, engages in a “physical act directed against the [victim].” (People v Dorsey, 104 Misc 2d 963, 971 [Sup Ct, Bronx County 1980] [forcible compulsion found where defendant, who was approximately seven inches taller and 70 pounds heavier than the victim, stopped an elevator between floors, thereby trapping the victim inside the elevator]; see also, People v Pace, 145 AD2d 834 [3d Dept 1988] [evidence found sufficient to establish forcible compulsion where, after refusing to go voluntarily, 10-year-old victim was pulled into bedroom by brother-in-law who was older, bigger and stronger, and the victim’s injuries were severe and painful].)
Here, there is no question that the defendant engaged in a “physical act directed against the victim.” However, without more, such as an allegation that the defendant used his superior size or strength to prevent the victim from escaping or to compel the victim to engage in sexual activity, this act is insufficient to establish forcible compulsion by physical force.
Courts have also found that the physical force prong of the forcible compulsion statute is met where the physical condition *480 of the victim and/or the crime scene are consistent with the occurrence of a physical struggle. (See, e.g., People v Umber, 260 AD2d 722 [3d Dept 1999] [element of lack of consent met by forcible compulsion where victim testified that defendant punched and choked her and physical evidence showed that bruising to victim’s arms were consistent with being held down and forcibly grabbed]; People v Miller, 210 AD2d 724 [3d Dept 1994] [forcible compulsion found where victim’s shirt was pulled up above her breasts, her pants and underwear were pulled down, and the crime scene was consistent with the occurrence of struggle].) Absent from the instant complaint are any allegations evincing a physical struggle.
The instant complaint also lacks any allegations suggesting that the defendant compelled the victim by the use of an express or implied threat as described in Penal Law § 130.00 (8) (b). Examples of express threats include displaying a weapon or threatening physical harm to the complainant or another. (See, e.g., People v Moore, 170 AD2d 847 [3d Dept 1991] [victim was threatened with knife and warned by accomplice that defendant had killed people]; People v Locke, 70 AD2d 686 [3d Dept 1979] [lack of consent by forcible compulsion satisfied where two masked men broke into home and told victim to cooperate for the safety of herself and her children].) Here, there are no allegations that the defendant displayed a weapon or expressly threatened the victim. In fact, there is no indication that the defendant said anything at all to the victim.
In determining whether a threat amounts to forcible compulsion, the proper focus is “not what the defendant would or could have done, ‘but rather what the victim, observing [the defendant’s] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands.’ ” (People v Thompson, 72 NY2d 410, 415-416 [1988], quoting People v Coleman, 42 NY2d 500, 505 [1977].) Thus, it is uniformly found that forcible compulsion by threat is established where the victim alleges that he or she was in fear of immediate death or physical injury. (See, e.g., People v Smolen, 166 AD2d 248 [1st Dept 1990] [Court, in affirming defendant’s conviction, held that forcible compulsion was established where victim testified “he was frozen in fear, and that he complied with defendant’s requests because he did not want to die”].)
Specific allegations which have been found sufficient to establish forcible compulsion by implicit threats include allegations that the defendant held a position of power or authority over the victim (see, e.g., People v Bailey, 252 AD2d 815, 816 *481 [3d Dept 1998] [defendant “maintained a close relationship with victim’s mother and was an authority figure within the household” as well as an authority figure in society as a police officer]; People v Archer, 232 AD2d 820, 821 [3d Dept 1996] [defendant, the live-in companion of the victim’s aunt, dominated the victim “by reason of his age and relationship with her aunt”]) and allegations that the victim was taken to an isolated place. (See, e.g., People v Beecher, 225 AD2d 943 [3d Dept 1996] [victim was isolated from familiar surroundings]; People v Ber-mudez, 109 AD2d 674 [1st Dept 1985] [act occurred under “isolated circumstances”].) Here, there are no allegations that the defendant held a position of power over the victim, that the victim was taken to a deserted area, or that the victim was paralyzed with fear. In fact the victim, who was on a subway platform, appears to have been unaware of the defendant’s presence until the actual moment of the alleged offensive touching.
For the reasons stated above, the court holds that the People have failed to establish the necessary element of lack of consent. Accordingly, the court must grant the defendant’s motion to dismiss as facially insufficient those counts charging him with forcible touching.
Bill of Particulars/Motion for Discovery
The defendant’s requests for a bill of particulars and discovery are granted to the extent provided for in the People’s response and voluntary disclosure form.
Motion to Suppress Statements
The defendant’s motion to suppress two oral statements for which the People have given notice is granted to the extent that a Huntley !Dunaway hearing is granted.
Motion to Preclude Evidence[4]
The motion to preclude evidence of identification for the prosecution’s failure to comply with the provisions of Criminal Procedure Law § 710.30 is denied. The court file indicates that such notice was served at the defendant’s arraignment on September 27, 2001.
The defendant’s motion to preclude any unnoticed statements is granted.
*482 Sandoval Motion
The motion to preclude cross-examination of the defendant on his prior criminal record or prior bad acts is granted to the extent that a hearing will be referred to the trial court.
Reservation of Rights
The defendant’s request to make further motions is granted to the extent recognized under Criminal Procedure Law § 255.20 (3).

. The original misdemeanor complaint, sworn to on September 26, 2001, charged the defendant only with public lewdness and sexual abuse in the third degree. The minutes of the defendant’s arraignment on September 27, 2001 reflect that the court granted the People’s oral application to add the forcible touching charges to the complaint.

. The court notes that the Penal Law specifically criminalizes aggravated sexual abuse by name. (See Penal Law §§ 130.65-a, 130.66, 130.67, 130.70.)

. This is the second time in which the bill has been passed by the Senate. The bill was passed by the Senate and delivered to the Assembly once before on June 4, 2001, but then “died in assembly” on January 9, 2002.

. In their papers, the People respond to the defendant’s motion to suppress identification testimony. The defendant, however, moved to preclude, not suppress, identification testimony.