OPINION OF THE COURT
Patricia Nuñez, J.
The defendant is charged with sexual abuse in the third *162 degree, in violation of Penal Law § 130.55, and two counts of forcible touching, in violation of Penal Law § 130.52 (1) and (2). The defendant moves for an order dismissing the charge of forcible touching on the grounds of facial insufficiency and for various other relief.
A misdemeanor information is sufficient on its face if it contains nonhearsay factual allegations which, if true, establish every element of the offense and provide reasonable cause to believe the defendant committed the offense charged. (CPL 100.15 [3]; 100.40 [1] [b], [c].) Conclusory factual allegations are insufficient and render the accusatory instrument defective. (People v Dumas, 68 NY2d 729 [1986].) Moreover, the failure to establish a prima facie case in an information is a nonwaivable jurisdictional defect requiring dismissal of the accusatory instrument. (People v Alejandro, 70 NY2d 133, 139 [1987], citing People v Hall, 48 NY2d 927 [1979], and People v Case, 42 NY2d 98 [1977].)
A person is guilty of forcible touching when
“such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person:
“1. for the purpose of degrading or abusing such person; or
“2. for the purpose of gratifying the actor’s sexual desire.
“For the purposes of this section, forcible touching includes the squeezing, grabbing or pinching of such other person’s sexual or intimate parts.” (Penal Law § 130.52.)
That section must be read in conjunction with Penal Law § 130.05 which states that
“[w]hether or not specifically stated, it is an element of every offense defined in this article, except the offense of consensual sodomy, that the sexual act was committed without the consent of the victim.
“2. Lack of consent results from:
“(a) Forcible compulsion; or
“(b) Incapacity to consent; or
“(c) Where the offense charged is sexual abuse, any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor’s conduct; or
“(d) Where the offense charged is rape in the third degree as defined in subdivision three of section 130.25, or sodomy in the third degree as defined in subdivision three of section 130.40, *163 in addition to forcible compulsion, circumstances under which, at the time of the act of intercourse or deviate sexual intercourse, the victim clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor’s situation would have understood such person’s words and acts as an expression of lack of consent to such act under all the circumstances.”
Forcible touching became a crime in New York State on February 1, 2002. The Legislature added the offense of Penal Law § 130.52, a class A misdemeanor, as part of the Sexual Assault Reform Act in response to the well-known cases of the attacks on women in Central Park during a parade on June 13, 2000. (See Donnino, Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 39, 2002 Pocket Part, Penal Law art 130, at 118.)
The complaint herein provides, in pertinent part, that on December 12, 2001 at about 17:35 hours on the No. 3 train between 72nd and 42nd Street: “Deponent states that while the defendant was standing next to deponent on a subway train, the defendant twice placed his fingers on deponent’s vagina and pushed his fingers upon deponent’s vagina through deponent’s clothing. Deponent further states that defendant did not have consent to touch deponent’s vagina.”
The defendant argues that the forcible touching count is facially insufficient because it fails to allege facts establishing lack of consent as required by Penal Law § 130.05. According to the defendant, the People may only establish lack of consent in the forcible touching statute either through (1) forcible compulsion, or (2) incapacity to consent. He notes that Penal Law § 130.05 (2) (c) specifies that the lack of consent can be demonstrated by the surrounding circumstances if the charge is “sexual abuse.” No mention is made of “forcible touching.” Similarly, Penal Law § 130.05 (d) states specifically that lack of consent can be shown through surrounding circumstances when the charge is “rape in the third degree” or “sodomy in the third degree” and no mention is made of forcible touching therein either. Accordingly, he argues that forcible touching is excluded from the all inclusive list and that lack of consent cannot be proven through the surrounding circumstances but only through forcible compulsion or incapacity to consent. Were forcible touching to be read not to require forcible compulsion or incapacity to consent, the statute would be de facto identical to the already existing offense of sexual abuse in the third degree. In light of the foregoing, the defendant argues that the forcible touching count is facially insufficient because it fails to *164 allege facts showing either incapácity to consent or forcible compulsion.
The People argue that Penal Law § 130.05 (2) (c) should not be read so narrowly as to exclude “forcible touching” from the definition of “sexual abuse”; that the term “forcible touching” is a form of “sexual abuse” and that lack of consent can be established through the surrounding circumstances, and not solely through incapacity or forcible compulsion. Such a reading would not render the forcible touching statute de facto identical to sexual abuse in the third degree since there is an alternative intent element in the former that does not exist in the latter, i.e., that a defendant intend to “degrade” or “abuse” a person, instead of rather to gratify his sexual desires.
The defendant relies on People v Parbhu (191 Misc 2d 473 [Crim Ct, NY County 2002]), which rejected the People’s interpretation and followed a narrow reading of Penal Law § 130.05. This court most respectfully disagrees with that reading of the statute and believes that statutory interpretation, public policy and common sense require a different interpretation of the statute. Additionally, the court takes notice that the Legislature is seeking to clarify its intent regarding the forcible touching statute to rectify a gap perceived by some in the present law; an action that supports the view that a narrow reading of the statute is not what the Legislature intended. (2001 NY Senate Bill S 5313A.)
It is a well established principle that in interpreting a statute, a court’s primary obligation is to determine and give effect to the legislative intent. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a], [b]; § 76.) “Where words of a statute are free from ambiguity and express plainly, clearly and distinctively the legislative intent, resort may not be had to other means of interpretation.” (§ 76.) “Language [of a portion of an act,] which, when separated from the rest, is thus plain and unambiguous may, when read in connection with the whole act, be thereby rendered ambiguous and [thereupon] the necessity for construction arises.” (See People ex rel. Onondaga County Sav. Bank v Butler, 147 NY 164, 167 [1895]; Statutes §76.) “The legislative intent is to be ascertained from the words and language used * * * according to its natural and most obvious sense, without resorting to an artificial or forced construction.” (§ 94.) In interpreting a statute, the spirit and purpose of the act and the objects to be accomplished must be considered and literal meanings of words are not to be adhered to or suffered to defeat the general purpose and manifest policy *165 to be promoted. (§ 94; Essenfeld Bros. v Hostetter, 14 NY2d 47 [1964].)
Here, the language of Penal Law § 30.05 (2) is rendered ambiguous when read in connection with the whole Sexual Assault Reform Act. It would be difficult to conclude that the Legislature intended that lack of consent be so limited in its application as defendant argues.
It is instructive to examine People v Parks (Docket No. 2001NY061259, Dec. 5, 2001), where Judge Gregory Carro held that the circumstances surrounding a forcible touching charge, i.e., the complainant’s reaction to the incident, could establish a lack of consent. That court did not require the People to establish lack of consent by either incapacity or forcible compulsion. It should be noted that the issue before this court was not raised in the Parks case so that the instant statutory argument was not addressed at that time. The court ruled that since the lack of consent element in the sexual abuse statute can be satisfied by “any circumstances * * * in which the victim does not expressly or impliedly acquiesce in the actor’s conduct,” the same reasoning should be applicable to the forcible touching section.
If forcible compulsion were required as an element to forcible touching, the very purpose of the Legislature in enacting the statute would be defeated. “Forcible compulsion” means to:
“compel by either:
“(a) use of physical force; or
“(b) a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped.” (Penal Law § 130.00 [8].) “Physical force” is not defined in the Penal Law but is the subject of case law. “[B]odily contact alone * * * especially when it is effected by a mere touching” does not rise to the level of physical force contemplated by the Penal Law. (People v Flynn, 123 Misc 2d 1021, 1023 [Sup Ct, NY County 1984].) Physical force may be found to exist where there is some “power or strength or violence exerted against a body.” (Flynn, 123 Misc 2d at 1023; see also, People v Thompson, 158 AD2d 563, 563 [2d Dept 1990] [where the victim stated that the defendant “threw her down and * * * had sexual intercourse with her against her will”]; People v Williams, 152 AD2d 989, 989 [4th Dept 1989] [where a 13 year old testified that the defendant “pulled” her by her arm and took her into the house and “ripped *166 her shirt off, threw her on the sofa and pressed on her shoulders during intercourse” was enough to show forcible compulsion]; People v Randall, 86 AD2d 918, 919 [3d Dept 1982] [where the victim testified that the defendant “grabbed her by the hair and continually held her in a firm grip” while he forced her to engage in sexual acts was sufficient to show forcible compulsion].)
Forcible compulsion can also be established by evidence that the defendant used his superior age, size or strength over the victim to engage in a “physical act directed against the victim.” (People v Dorsey, 104 Misc 2d 963, 971 [Sup Ct, Bronx County 1980] [where the court held that the evidence supported forcible compulsion in that the defendant was much taller and heavier than the victim, and stopped an elevator between floors to trap the victim alone]; see also, People v Orda, 180 Misc 2d 450 [Sup Ct, NY County 1999], citing People v Roman, 179 AD2d 352 [1st Dept 1992]; People v Ayers, 65 AD2d 862 [3d Dept 1978]; People v Pace, 145 AD2d 834 [3d Dept 1988].)
The forcible touching statute includes such acts as “squeezing, grabbing, or pinching of such person’s sexual or other intimate parts.” (Penal Law § 130.52.) The types of touching delineated in the statute are all acts that can be accomplished without any forcible compulsion, as that term is defined in statutory and case law. Indeed, such acts frequently do not involve any forcible compulsion as that term is legally defined. The Legislature only required some level of force, clearly less than that required for forcible compulsion and something more than mere touching without consent as required for sexual abuse in the third degree. By making forcible touching a class A misdemeanor, the Legislature clearly intended to prescribe a higher punishment for acts that are more egregious than acts covered by the sexual abuse in the third degree statute, a class B misdemeanor. Furthermore, such acts are less egregious than the type of conduct accompanied by forcible compulsion and, accordingly, the Legislature intended to prescribe a lesser punishment for forcible acts not rising to the level of forcible compulsion. If such conduct were accompanied by forcible compulsion, it would constitute conduct covered by the crime of sexual abuse in the first degree (Penal Law § 130.65 [1]), a class D felony, where “[A] person is guilty * * * when he or she subjects another person to sexual contact: 1. by forcible compulsion.” Surely the Legislature did not intend to reduce the penalty for such conduct.
The defendant’s argument lacks common sense in light of the statutory scheme and clear legislative intent. The term *167 “sexual abuse” contained in Penal Law § 130.05 (2) (c) must be read to encompass the term “forcible touching” contained in Penal Law § 130.52 in order to give effect to the legislative intent. The primary conduct prohibited in sexual abuse in the third degree and forcible touching is identical: an unwanted touching of one’s intimate body parts. Forcible touching contains an additional alternative intent element and requires a level of force not required in the sexual abuse statute, which raises the level of the primary act. For this reason, forcible touching is an aggravated form of sexual abuse.
In this case, the relevant part of the complaint states that “the defendant twice placed his hands on the victim’s vagina and pushed his fingers upon deponent’s vagina * * * .” The acts specifically enumerated in the forcible touching statute, “squeezing, grabbing or pinching” are not exclusive but intended to serve as examples of the type of conduct prohibited. The instant allegations establish that the defendant subjected the complainant to sexual contact and used force in doing so; by pushing his fingers onto her vagina, he exerted manual pressure on her intimate body part. Such an act is facially sufficient for pleading purposes. Lack of consent can be established directly through the affidavit of a complainant or by circumstantial evidence. (People v Darryl M., 123 Misc 2d 723 [Crim Ct, NY County 1984].) Lack of consent in the instant case is established by the complainant’s affidavit.
For the foregoing reasons, the defendant’s motion to dismiss for facial insufficiency is denied.
The defendant has also moved to reargue and reopen the suppression hearing. The defendant’s motion is granted to the following extent: the hearing is reopened to allow testimony of either Police Officer Borchik or the complainant to establish the lack of suggestiveness in the identification made by the complainant.