*510 OPINION OF THE COURT
Kenneth L. Gartner, J.
The initiation of this case was marked by an announcement by the Nassau County police that they had arrested a New York City police detective for an alleged sex crime. “A New York City police detective was arrested yesterday for making sexual contact with a female dancer at a strip club in Island Park, Nassau police said.” (Newsday, Jan. 28, 2004, at A24.)
The supporting deposition of the complaining witness alleges, in relevant part:
“[The defendant] asked me to have sex with him and to hang out in Brooklyn with his other police friends. I told him ‘hell no.’ He kept buying me drinks and asking me for sex. I kept telling him no and he kept trying to touch my body. I went on stage to dance and we kept looking at each other ... I closed my eyes and began to dance. I opened my eyes and he was on the stage. He put his hand on my breast and then put his hand inside my vagina. I leaned against the mirror and started to cry.”
The defendant now moves for an order of this court, pursuant to CPL 170.30 (1) (a), dismissing the information upon the grounds that it is defective within the meaning of CPL 170.35. Defendant alternatively seeks dismissal of the information, pursuant to CPL 170.40, in the interests of justice.
With respect to defendant’s request to dismiss on sufficiency grounds, the information alleges that the defendant violated Penal Law § 130.52, forcible touching. Penal Law § 130.52 states:
“A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person; or for the purpose of gratifying the actor’s sexual desire.
“For the purpose of this section, forcible touching includes squeezing, grabbing or pinching.”
To the extent that “squeezing, grabbing or pinching” are provided as exemplars by the Legislature of actions involving the requisite use of physical force to establish “forcible” touching, the conduct alleged to have been engaged in by the defendant similarly meets this threshold. “The acts specifically enumerated in the forcible touching statute, ‘squeezing, grab *511 bing or pinching’ are not exclusive but intended to serve as examples of the type of conduct prohibited.” (People v Soto, 192 Misc 2d 161, 167 [Crim Ct, NY County 2002, Nunez, J.].)
The defendant argues that the information is facially insufficient by reason of its failure to “detail the acts or conduct which would constitute forcible compulsion,” i.e., the compulsion of the complaining witness through the use of some power, threat or violence. (See, Soto, supra, 192 Misc 2d at 163.) “Forcible compulsion,” argues the defendant, is a necessary element of forcible touching.
Forcible touching was a “new crime,” passed after several groping incidents during the 2000 Puerto Rican Day parade in New York City. (New Law Increases Sentence for Assault, NYLJ, Oct. 20, 2000, at 4, col 6; Soto, supra, 192 Misc 2d at 163.) This “new crime” was initially the subject of judicial disagreement, with the judges on one side of the disagreement taking a position which would support the instant defendant’s position.
A “ruling by a criminal court judge in Manhattan highlight[ed] a gap” in the law. (Perrotta, Conviction for ‘Forcible Touching’ Requires Proof of Lack of Consent, NYLJ, May 2, 2002, at 1, col 3.) The case referred to was People v Parbhu (191 Misc 2d 473 [Crim Ct, NY County 2002, Cooper, J.]). The “gap,” according to Judge Cooper, was that under the statute as written, the only circumstances under which the crime could be proven were those in which the victim was for specified reasons legally incapable of consent, or where forcible compulsion had been shown. It was insufficient to show circumstantially that the victim had in fact not consented to the touching.
Shortly thereafter another Manhattan judge “explicitly disagreed” with the first. (Perrotta, Sex Assault Law is Interpreted Broadly, NYLJ, July 16, 2002, at 1, col 4, at 6, col 5.) The case there referred to was Soto (supra, 192 Misc 2d at 161).
One additional Manhattan judge — in People v Hernandez (NYLJ, Sept. 27, 2002, at 19, col 1 [Crim Ct, NY County, Kaplan, J.]) — followed Parbhu, and rejected Soto.
There was never any appellate resolution of this split of trial level opinion. However, this was primarily because the issue was addressed legislatively. The Legislature amended the statute (Penal Law § 130.05 [2] [c], as amended by L 2003, ch 264, § 13), so as to close the “gap” perceived by Judges Cooper and Kaplan, with the upshot being that the result of Soto — whether or not that decision was correct when issued — was (prior to the *512 date of the incident underlying the case at bar) legislatively adopted.
Penal Law § 130.05 (1) states: “Whether or not specifically stated, it is an element of every offense defined in this article that the sexual act was committed without consent of the victim.” Penal Law § 130.05 (2), as amended, now states:
“Lack of consent results from:
“(a) Forcible compulsion; or “(b) Incapacity to consent; or
“(c) Where the offense charged is sexual abuse or forcible touching, any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor’s conduct.” (Emphasis added.)
Forcible compulsion is thus now specifically legislatively provided to be, in forcible touching prosecutions, but one of three manners in which lack of consent may result (see Penal Law § 130.05 [2]). Facts showing “forcible compulsion” need not be elicited in an information charging a violation of Penal Law § 130.52 in order for the same to be facially sufficient. “Lack of consent can be established directly through the affidavit of the complainant or by circumstantial evidence.” (People v Soto, supra, 192 Misc 2d at 167; People v Darryl M., 123 Misc 2d 723, 734 [Crim Ct, NY County 1984]; see People v Victor P., 120 Misc 2d 770 [Crim Ct, NY County 1983].)
For the purposes of determining facial sufficiency of the information, the allegations in the instant case are therefore sufficient to support the element of lack of consent. The information adequately alleges the crime of forcible touching.
Turning to that portion of the defendant’s motion which seeks dismissal in the interests of justice, CPL 170.40 (1) provides, in relevant part, that the criminal charge against the defendant
“may be dismissed in the interest of justice . . . when, even though there may be no basis for dismissal as a matter of law . . . such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant . . . would constitute or result in injustice.”
This “judicial discretion” is limited, however. The Legislature has specifically provided in CPL 170.40 (1) that
*513 “[i]n determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
“(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.” (Emphasis added; see also, GPL 210.40 [parallel section, covering interests of justice dismissal of indictments, conditioned on same factors].)
The Appellate Division has emphasized repeatedly that a trial court is to exercise this discretion “sparingly.” The Appellate Division has not hesitated to reverse dismissals made by trial courts on the grounds of the “interests of justice,” where it has concluded that the trial court overstepped its bounds by making what would in effect be a factual and policy judgment which is properly left in the hands of a jury. (See e.g., People v Ward, 300 AD2d 418 [2d Dept 2002], lv denied 100 NY2d 600 [2003]; People v Flemming, 291 AD2d 506 [2d Dept 2002], lv denied 99 NY2d 558 [2002]; People v White-Douglas, 282 AD2d 482 [2d Dept 2001]; People v Anthony C., 269 AD2d 402 [2d Dept 2000], lv denied 94 NY2d 916 [2000]; People v Lagnese, 236 AD2d 629 [2d Dept 1997], lv denied 90 NY2d 860 [1997].)
*514 The defendant in this ease argues that he was “victimized” by a circumstance which occurred at an adult entertainment club, where patrons are “teased, sexually aroused and made to buy and consume large amounts of alcohol.” According to the defendant, he was “enticed” by an exotic dancer into consuming large amounts of alcohol, “manipulated” by that exotic dancer into a “physical and flirtatious encounter” with the dancer’s goal being the extraction of “tips,” and that what occurred was a “physical interaction” initiated by the complainant regarding which there was at most a “miscommunication” regarding its extent.
The defendant, counsel argues, is a decorated police veteran and dedicated family man, whose conviction would jeopardize his livelihood and, consequently, the well-being of the community he now serves and protects. The complainant, argues the defendant, suffered no harm other than the loss of a customer. To visit draconian consequences upon a dedicated public servant as the result of a misunderstanding at a strip club would, argues the defendant, have a negative impact upon the public’s confidence in the criminal justice system.
The District Attorney notes that the defendant had a prior criminal conviction for driving while intoxicated. The District Attorney asserts with respect to factors (b) and (i), that as a result of this incident, the complainant felt “humiliated and degraded,” left her job, and due to the defendant’s law enforcement status, felt such “fear for her safety” that she has moved to another state.
The District Attorney argues (particularly with respect to factors [d] and [f]-[h]), that a conviction of the defendant “would send a strong message that engaging in a sexual act without the complainant’s consent, even in the context of adult entertainment establishments, is unacceptable and will be dealt with strongly.” The District Attorney further argues that
“dismissal of this case would most likely cause the public to lose confidence in the criminal justice system and, especially, in the police force. Although some individuals are critical of the adult entertainment business, committing sex offenses against anyone is unconscionable. It is even more reprehensible when the offense is committed by a police officer .. . Accordingly, a dismissal of this case would send a particularly inappropriate message to all concerned.”
*515 The defendant responds that the District Attorney is seeking to hold the defendant “to a higher standard,” and to hold him out “as a trophy due to his employment as a . . . police detective.”
Notwithstanding defense counsel’s impassioned argument for a dismissal in the interests of justice pursuant to CPL 170.40, the applicable precedent makes it clear that it is only a jury, and not this court, which is afforded the discretion to grant the defendant’s request.
The allegedly ambiguous circumstances of the incident which led to the forcible touching charge against the defendant have been held, in other cases involving alleged sex crimes, insufficient, in reviewing the aforementioned factors, as well as factors (a), (c), and/or (h), to support an “in the interests of justice” dismissal.
In People v Rahmen (302 AD2d 408 [2d Dept 2003], lv dismissed 99 NY2d 657 [2003]), the Appellate Division reversed a grant of a motion to dismiss in the interests of justice, this time of a charge of sexual abuse in the third degree, of which the defendant had been convicted following a jury trial. The Appellate Division held (at 409):
“The power to dismiss an indictment in furtherance of justice is to be exercised sparingly ... In this case, the Supreme Court improvidently exercised its discretion in substituting its own judgment concerning the credibility of the complainant and the culpability of the defendant for that of the jury.” (Citation omitted.)
In People v R.G. “Anonymous” (NYLJ, Feb. 17, 1998, at 31, col 2 [Nassau Dist Ct, Jaffe, J.]), another judge of this court denied a defendant’s motion to dismiss, inter alia, charges of sexual abuse in the third degree, in the interests of justice. In language directly applicable to defense counsel’s arguments in the instant case, Judge Jaffe, in R.G. “Anonymous,” held (at 31, col 3):
“The defendant argues that the circumstances . . . can easily be viewed as . . . miscommunication and not criminal misconduct. However, in many cases of sexual abuse, conduct can be viewed in drastically different ways, depending on whether the view is that of the defendant or that of the complainant. It is not for the court, on a *516 motion to dismiss in the interests of justice to make a determination which view is correct; that is something for the trier of fact after hearing all of the evidence presented . . .
The defendant argues that while both complainants were upset, it cannot be reasonably suggested that either suffered any physical or psychological harm. This court is aware, however, of the devastating psychological effects that can be felt by a victim of sexual abuse, such as feeling that they are somehow to be blamed for what happened to them; a sense of helplessness and loss of control.
The Nassau County police elected to make the arrest here. The District Attorney has elected to prosecute. This court is, as a matter of law, not permitted to override these exercises of police and prosecutorial discretion. (See, People v Schlessel, 104 AD2d 501 [2d Dept 1984].) The defendant’s motion must be, and therefore is, denied.