OPINION OF THE COURT
Richard M. Weinberg, J.
Defendant is charged in an information with forcible touching (Penal Law § 130.52), sexual abuse in the third degree (Penal Law § 130.55) and harassment in the second degree (Penal Law § 240.26 [1]). He moves for an order dismissing the forcible touching count for facial insufficiency under Criminal Procedure Law § 100.40, as well as other forms of relief.
Criminal Procedure Law § 100.40 and, by reference, Criminal Procedure Law § 100.15 require that factual allegations of an *357 evidentiary character in the information provide reasonable cause to believe the defendant committed the offenses charged and that nonhearsay factual allegations establish a prima facie case that the defendant is guilty. (People v Allen, 92 NY2d 378 [1998].) While an information must state the crime with which the defendant is charged and the particular facts constituting that crime (People v Hall, 48 NY2d 927 [1979]), the prima facie requirement is not the same as the burden of proof required at trial. (People v Henderson, 92 NY2d 677 [1999].) While the factual allegations in an information should be given a fair and not overly restrictive or technical reading (People v Casey, 95 NY2d 354 [2000]), they must nevertheless satisfy the requirements of the Criminal Procedure Law.
The factual portion of the information alleges that defendant approached the complainant and placed his hand on and patted her buttocks. After the complainant moved away from defendant, defendant again placed his hand on and patted her buttocks. The factual portion also alleges that these acts were done for the purpose of degrading or abusing the complainant, that they were done intentionally and for no legitimate purpose, that the acts were done without the complainant’s consent and that complainant was harassed, annoyed and alarmed by these acts.
Penal Law § 130.52, the forcible touching statute, requires a “forcible touching” of the sexual or other intimate parts of a person for the purpose of degrading or abusing that person or for gratifying the actor’s sexual desire. Under this statute, “forcible touching” includes “squeezing, grabbing or pinching.” In contrast, sexual abuse in the third degree (Penal Law § 130.55) requires sexual contact, which is defined as “any touching.” (Penal Law § 130.00 [3].)
Defendant argues that placing a hand on and patting a person’s buttocks does not amount to forcible touching.
The plain language of Penal Law § 130.52 makes clear that something more than mere touching is required under the statute. Under basic rules of statutory construction and interpretation, “statutory language is to be read in accordance with its ordinary and accepted meaning.” (McKinney’s Cons Laws of NY, Statutes § 94.) The word forcible connotes something “done by force, vigorous and strong and powerful” (New Oxford Dictionary of English) or that which is “effected by force used against opposition or resistance” (Merriam-Webster Online Dictionary). To squeeze is to “firmly press from opposite or all sides” (New Oxford). To grab is to “grasp or seize suddenly or *358 roughly” (id.). To pinch is to “grip tightly and sharply between finger and thumb” (id.). In contrast, to pat is to “touch quickly and gently with the flat of the hand” (id.) or “to stroke or tap gently with the hand to soothe, caress or show approval” (Merriam-Webster).
While the touching under Penal Law § 130.52 is not limited to squeezing, grabbing or pinching, their illustrative use, together with the Legislature’s employment of the modifier “forcible,” inexorably, if unfortunately, leads to the conclusion that a pat on the buttocks, regardless of how offensive it might be to the recipient, does not qualify as “forcible” touching under the ordinary and accepted meaning of these words. While defendant’s actions, if done to gratify his sexual desires, would constitute sexual abuse in the third degree (Penal Law § 130.55), they do not rise to the level of a forcible touching. To hold otherwise would obliterate any distinction between the “forcible” touching of Penal Law § 130.52, an A misdemeanor, and the “any” touching contained in the definition of sexual contact under sexual abuse in the third degree, a B misdemeanor. Such a result is contrary to sound statutory interpretation since the Legislature, in drafting these statutes, chose the very different words “forcible” and “any.” The court, when interpreting a statute, must presume that the Legislature meant what it said and is constrained to follow the plain and distinctive meaning of those words. (Statutes § 92.)
While resort to legislative history is unnecessary when interpreting an unambiguous statute, the court parenthetically notes that the legislative history of the statute supports the conclusion that the Legislature intended the prohibition of something more than a pat on the buttocks when it enacted the forcible touching statute. This statute was a legislative response to widely-reported violent incidents in Central Park in the spring of 2002, as noted in a New York State Senate Memorandum in Support of a 2003 amendment clarifying this law:
“As evidenced by the despicable sexual assaults committed in New York City’s Central Park in recent years, the emergence of such assaults is a disturbing trend that cannot be tolerated. Recognizing these atrocities, the Sexual Assault Reform Act of 2000 . . . created the new crime of forcible touching, which, in pertinent part, criminalized the non-consensual squeezing, grabbing or pinching of the intimate parts of another.” (2003 McKinney’s Ses *359 sion Laws of NY, at 1800.)
Accordingly, the court is constrained to rule that the acts alleged in the instant information, as offensive and inappropriate as they might be, are nonetheless insufficient to support the charge of forcible touching. That count is dismissed.
Additionally, although the point was not raised by defendant, the allegations in the information are also insufficient to support the charge of sexual abuse in the third degree. While the actions of defendant would be sufficient to constitute sexual contact, those actions are alleged to have been taken for the purpose of degrading and abusing the complainant — a purpose not found in the sexual abuse in the third degree statute. The sexual abuse in the third degree statute requires sexual contact for the purpose of gratifying sexual desire — a purpose not alleged in the factual portion of the information. Accordingly, that count is also dismissed. The charge of harassment in the second degree is supported by facially sufficient factual allegations. The court notes that, if appropriate, the People retain the option of filing a superceding information.
Defendant’s request for discovery and a bill of particulars is granted to the extent indicated in the People’s response and voluntary disclosure form.
Defendant’s motion to suppress identification testimony on the bases that a pretrial identification procedure was conducted under unduly suggestive circumstances and was the fruit of an illegal arrest is granted to the extent of ordering a combined Wade/Dunaway hearing.
Defendant’s motion to preclude pursuant to CPL 710.30 is granted to the extent applicable.