*365 OPINION OF THE COURT
Alvin M. Yearwood, J.
Introduction
By “Notice of Motion” dated December 1, 2007 and filed December 4, 2007, defendant moves under branch I for an order pursuant to CPL 170.30 (1) (a) to dismiss on grounds of facial insufficiency the count charging defendant with forcible touching (Penal Law § 130.52), and under branch II to reserve defendant’s right to supplement or make further motions. The People have responded in opposition by “Memorandum of Law in Opposition to Defendant’s Motion to Dismiss” dated and filed January 8, 2008. Úpon consideration of the submissions and the court file, the court denies dismissal under branch I for the following reasons and grants branch II to the extent permissible under CPL 255.20.
The Accusatory Instrument
Defendant is charged in an accusatory instrument in one count with forcible touching (Penal Law § 130.52) and in a second count with sexual abuse in the third degree (Penal Law § 130.55). These charges stem from allegations by the complaining witness (SM), as related to the deponent on the accusatory instrument, that on or about July 8, 2007 at approximately 2:00 a.m. at 122 East 21st in Kings County, the defendant “did lay down next to informant, place defendant’s head on informant’s buttocks and did touch informant’s vagina over informant’s clothes.” In addition, SM informed the deponent that the defendant “did not have consent to touch informant’s buttocks or vagina.” The allegations related to the deponent by SM were corroborated in her sworn, supporting deposition.
Contentions of the Parties
The defense contends that the count of forcible touching is facially insufficient because no facts are set forth “tending to show lack of consent by forcible compulsion” (def aff, I, i). Citing a host of decisions by appellate and nisi prius courts defining circumstances under which “forcible compulsion” was or was not established, the defense argues that “the one count of Forcible Touching in the accusatory instrument herein does not meet all of the requirements of an information under C.EL. § 100.40 because the necessary element of force cannot be inferred from the pleadings” (def aff, I, xvi).
*366 The People oppose defendant’s motion to dismiss on three grounds. First, the People argue that defendant’s motion is untimely because it has not been brought within 45 days of defendant’s arraignment. Second, the People argue that to be facially sufficient the allegations must merely provide reasonable cause to believe defendant committed the offenses charged, not proof beyond a reasonable doubt. Third, the People argue that the instrument sufficiently alleges “forcible touching” and that “forcible compulsion” is not a component of “forcible touching.”
Applicable Law
Pursuant to CPL 170.30 (1) (a), the defense may move to dismiss an information on the ground that it is defective within the meaning of CPL 170.35. CPL 170.35 (1) (a) provides that an information is defective when it is not sufficient on its face pursuant to the requirements of CPL 100.40. According to CPL 100.40 (1), an information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and “(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
CPL 100.15 (3) provides, in pertinent part, that “[t]he factual part of [the] instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” and “every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.”
Under Penal Law § 130.52, a
“person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or *367 abusing such person; or for the purpose of gratifying the actor’s sexual desire.
“For the purposes of this section, forcible touching includes squeezing, grabbing or pinching.”
Under Penal Law § 130.00, entitled “Sex offenses; definitions of terms,” the following, pertinent definitions are set forth. In subdivision (3),
“ ‘Sexual contact’ means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing.”
In subdivision (8),
“ ‘Forcible compulsion’ means to compel by either:
“a. use of physical force; or
“b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped.”
Discussion and Conclusions of Law The People’s first argument, that defendant’s motion is untimely, is without merit. A defendant may, at any time, properly raise a claim of facial insufficiency resulting from a failure to allege a necessary element, as opposed to one resulting only from a hearsay defect; the former defect is jurisdictional, nonwaivable, and may even be raised on appeal (.People v Casey, 95 NY2d 354 [2000]).
Proceeding to the essence of defendant’s motion, that the People have not made out “forcible compulsion” and, therefore, that the necessary element of “force” has not been established, the court is in agreement with the People’s third argument. The offense of forcible touching (Penal Law § 130.52) refers only to force used in connection with the touching, and not to force employed in order to compel. Thus, the nature of the force being used is different than that envisioned under the definition of “forcible compulsion” (Penal Law § 130.00 [8]).
Although not raised by the defense, the People’s second argument merits further consideration. It is apparent that the prosecution is concerned with whether the element of force, per se, is sufficiently stated. Three examples of forcible touching are *368 provided in the statute. They include “squeezing, grabbing or pinching.”
As noted in People v Nuruzzaman (8 Misc 3d 356 [Crim Ct, NY County 2005]), a similar case in which that defendant was charged with forcible touching (Penal Law § 130.52) and sexual abuse in the third degree (Penal Law § 130.55), and moved for an order dismissing the forcible touching count for facial insufficiency, the factual allegations must provide reasonable cause to believe the defendant committed the offenses charged and that nonhearsay factual allegations establish a prima facie case that the defendant is guilty (People v Allen, 92 NY2d 378 [1998]). Furthermore, the prima facie requirement is not the same as the burden of proof required at trial (People v Henderson, 92 NY2d 677 [1999]), and the factual allegations in an information should be given a fair and not overly restrictive or technical reading (People v Casey, 95 NY2d 354 [2000]).
In Nuruzzaman (supra, 8 Misc 3d 356 [2005]), it was alleged that the defendant approached the complainant and placed his hand on and patted her buttocks. When the complainant moved away from the defendant, the defendant allegedly repeated those acts. Unlike the circumstances in the instant case, in Nuruzzaman (supra), it was alleged that defendant’s actions were intended to degrade or abuse the complainant, were done intentionally and for no legitimate purpose, and without her consent. In the present case, the People argue that the second basis upon which the offense may be charged, namely, that the acts were committed with the purpose of gratifying the actor’s sexual desire, may be inferred from defendant’s acts. The court agrees, given the nature of the acts alleged and the context in which they were allegedly committed. Lying down next to the female complainant, and the male defendant’s placing of his head on her buttocks and his hand upon her vagina, albeit over her clothing, at 2:00 a.m., and without her consent, may reasonably lead a trier of fact to the conclusion that those acts were done without any legitimate purpose and in order to gratify the actor’s sexual desire.
The nature of the act, however, in terms of the element of “force,” requires further consideration. In Nuruzzaman (supra, 8 Misc 3d 356 [2005]), the court held that the repeated placing of that defendant’s hand on and his patting of the complainant’s buttocks did not constitute the type of force envisioned by the Legislature when it enacted the statute and provided, as included examples, the acts of “squeezing, grabbing or pinch *369 ing” (Penal Law § 130.52). The court cited dictionary definitions of “forcible,” “squeeze,” “grab” and “pinch” in contrast to “patting,” and referred to legislative history in the form of a New York State Senate Memorandum in Support of a 2003 amendment clarifying this law from which it quoted the following:
“As evidenced by the despicable sexual assaults committed in New York City’s Central Park in recent years, the emergence of such assaults is a disturbing trend that cannot be tolerated. Recognizing these atrocities, the Sexual Assault Reform Act of 2000 . . . created the new crime of forcible touching, which, in pertinent part, criminalized the non-consensual squeezing, grabbing or pinching of the intimate parts of another.” (8 Mise 3d at 358, quoting 2003 McKinney’s Session Laws of NY, at 1800.)
Unlike in Nuruzzaman (supra, 8 Misc 3d 356 [2005]), and as argued by the defense with respect to the degree of force necessary to establish “forcible compulsion” (as noted supra, an element not required for the instant offense), this court does not understand the term “forcibly” to be so limited. Nor does the court view a more expansive understanding of “forcibly” as necessarily creating a conflict in delineating criminal conduct under sexual abuse in the third degree (Penal Law § 130.55), namely, the element of “sexual contact.” While it would be correct to say that conflation of “forcible touching” and “sexual contact” would erode the distinction between the class A misdemeanor of forcible touching and the class B misdemeanor of sexual abuse, this court does not view the terms to be necessarily synonymous, particularly with respect to the acts here alleged.
Squeezing, grabbing or pinching are but examples of conduct encompassed by the offense of forcible touching. However, other contact, such as under the circumstances alleged here, may be considered to be forcible. In enacting the statute in response to the “disturbing trend” referred to above, the Legislature recognized, implicitly, that women are entitled to be protected from unwanted, physical sexual contact by males, and that because of that trend, such “atrocities” must be addressed. This court views such unwanted contact to embrace the acts defendant is alleged to have committed. Even if done lightly, in the nature of a “patting” touch as described in Nuruzzaman (supra, 8 Mise 3d 356 [2005]), in this court’s view, the nature of this defendant’s alleged contact must be viewed, for purposes of *370 the present motion to dismiss for facial insufficiency, as being “forcible.” Lying down next to another person, the placing of one’s head on that person’s buttocks and the touching of her vagina above her clothing, without her consent, go far beyond the casual touching to gratify an actor’s sexual desire which is encompassed under the lesser degree offense of sexual abuse in the third degree. A trier of fact could reasonably conclude that the defendant committed the offense of greater rather than lesser degree. For the purposes of the present motion, therefore, the court finds the count charging forcible touching (Penal Law § 130.52) to be facially sufficient.
Conclusion
Accordingly, for the reasons noted, defendant’s motion to dismiss the count charging forcible touching is denied. Defendant’s right to make further motions is subject to the requirements of CPL 255.20.