OPINION OF THE COURT
Andrew M. Engel, J.
The defendant was originally charged, by information, with sexual abuse in the third degree, in violation of Penal Law § 130.55. On October 8, 2008 the People filed a prosecutor’s information superceding the original information (see CPL 100.50 [2]), containing the original charge and adding counts including forcible touching, in violation of Penal Law § 130.52 and endangering the welfare of a child in violation of Penal Law § 260.10 (1). The defendant was re-arraigned on these charges on October 14, 2008.
The defendant now moves for an order dismissing the new counts, pursuant to CPL 170.30 (1) (a); 170.35 (1) (a); 100.20 and 100.40, directing compliance with defendant’s discovery demand or precluding the items demanded at the time of trial, directing a hearing pursuant to People v Sandoval (34 NY2d 371 [1974]); and, granting the defendant leave to make any and all motions which might reasonably follow the People’s compliance with the defendant’s demands. The People have not submitted opposition to the defendant’s motion.
Facial Sufficiency
To be facially sufficient a prosecutor’s information
“must contain the name of the local criminal court with which it is filed and the title of the action, and must be subscribed by the district attorney by whom it is filed. Otherwise it should be in the form prescribed for an indictment, pursuant to section 200.50, and must, in one or more counts, allege the offense or offenses charged and a plain and concise statement of the conduct constituting each such offense.” (CPL 100.35.)*
In the case of a prosecutor’s information superceding an origi *363 nal information, as is presently before the court, the charges in the new accusatory instrument must also be “supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any supporting depositions which may accompany it.” (CPL 100.50 [2].)
Pursuant thereto, a prosecutor’s information will be facially sufficient where the
“allegations of the factual part of the [original] information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged . . . ; and [n] on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [b], [c]; see People v Moore, 5 NY3d 725 [2005]; People v Thomas, 4 NY3d 143 [2005]; People v Alejandro, 70 NY2d 133 [1987]; CPL 100.40 [1] [b].)
The factual allegations should not be given an overly restrictive or technical reading (People v Casey, 95 NY2d 354 [2000]; People v Baumann & Sons Buses, Inc., 6 NY3d 404 [2006]), but must be sufficient to serve the purpose of providing the defendant with notice enabling him to prepare for trial and to distinguish the offense sufficiently to prevent him from again being tried for the same offense. (People v McDermott, 69 NY2d 889 [1987]; People v McGuire, 5 NY2d 523 [1959].) Such a showing is not the same as the burden of proof beyond a reasonable doubt required at trial. (People v Swamp, 84 NY2d 725 [1995]; People v Henderson, 92 NY2d 677 [1999]; People v Porter, 75 AD2d 901 [2d Dept 1980].)
Forcible Touching
Count 2 of the prosecutor’s information alleges that on or about July 13, 2008, at approximately 2:00 a.m., at 25D Old Mill Court, Rockville Centre, the defendant, in violation of Penal Law § 130.52,
“subjected the victim to sexual contact without the latter’s consent [by] grab[bing] onto and attempting] to pull off 14 YEAR OLD [complainant’s] pants as she told him ‘No’ and as she held her pants up, he then pumped his erect penis onto her vaginal area as she told him ‘Stop’ throughout.”
*364 The defendant seeks dismissal of this count, arguing that the supporting deposition upon which it is based “fails to allege in non-hearsay, non-conclusory manner that the defendant ‘forcibly touched’ the complainant, which is an element of the crime charged.” (Papa affirmation, Oct. 30, 2008, 1Í15.) Specifically, the defendant points out that the supporting deposition does not allege that the defendant “squeezed, grabbed or pinched” the complainant. Relying on Matter of Randolph P. (254 AD2d 94 [1st Dept 1998]), Matter of Lawrence S. (127 AD2d 772 [2d Dept 1987]), Matter of Marcus M. (287 AD2d 505 [2d Dept 2001]) and People v Graydon (129 Misc 2d 265 [Crim Ct, NY County 1985]) the defendant further argues that, while the facts as alleged in the supporting deposition support the charge of sexual abuse in the third degree, they do not support a charge of forcible touching. The defendant also relies on People v Nuruzzaman (8 Misc 3d 356, 357 [2005]) for the proposition that forcible touching requires “something more than mere touching” (Papa affirmation, Oct. 30, 2008, U 22), equating a pat on the buttocks with the defendant’s conduct in the matter sub judice.
Penal Law § 130.52 provides:
“A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person; or for the purpose of gratifying the actor’s sexual desire. For the purposes of this section, forcible touching includes squeezing, grabbing or pinching.”
As can be seen, forcible touching has five elements: (1) intent; (2) the absence of any legitimate purpose; (3) some level of force; (4) the touching of an individual’s sexual or other intimate parts; (5) done to degrade or abuse such other person, or to gratify the defendant’s sexual desire.
The complainant’s supporting deposition, upon which the charge of forcible touching is based, alleges, in pertinent part:
“On July 13, 2008 at about 2:00AM I was sleeping at my cousin Taddy’s house which is located at 25D Old Mill Court in Rockville Centre, NY. I was lying on my right side on the living room floor wearing pajama pants and shirt. ... I woke up when I felt two hands tug at the waistband of my pajama pants. I immediately turned over onto my back and grabbed my pajama pants. I saw my cousin Leon Taylor ly *365 ing on the left side of me. I said ‘stop.’ Leon said ‘It’s going to feel good — let me stick it in once.’ I said ‘No.’ He then climbed on top of me and I could feel his hard penis grinding against my vagina. My pajama bottoms were still on, but he continued pumping his hard penis against my vagina. I kept saying ‘Stop’ about four or five times and I didn’t yell because I didn’t want to get him in trouble. He then got off me and walked out of the room. I curled up into a ball and lay there feeling mad and angry.”
The court finds that these nonhearsay allegations support each element of the charge of forcible touching. Matter of Randolph P. (supra) and the other cases relied upon by the defendant are inapposite to the case before this court, as each of those cases only addressed the sufficiency of the evidence presented with regard to the charge of sexual abuse in the third degree. None of those cases involved the charge of forcible touching. Contrary to the defendant’s argument, the charges of sexual abuse in the third degree and forcible touching are not mutually exclusive. While
“[t]he primary conduct prohibited in sexual abuse in the third degree and forcible touching is identical: an unwanted touching of one’s intimate body parts[,] [f]orcible touching contains an additional alternative intent element and requires a level of force not required in the sexual abuse statute, which raises the level of the primary act. For this reason, forcible touching is an aggravated form of sexual abuse.” (People v Soto, 192 Misc 2d 161, 167 [Crim Ct, NY County 2002].)
The fact that the touching in Randolph P. (supra) and the other cases relied upon by the defendant involved the touching of the victim’s vagina, and in some cases a touching involving the defendant’s erect penis, supported a finding of sexual abuse in the third degree does not preclude a finding of forcible touching, if the requisite additional elements are properly stated. (See People v Powell, 19 Misc 3d 364, 365 [Crim Ct, Kings County 2008] [accusatory instrument alleging that the defendant, without consent, “did lay down next to informant, place defendant’s head on informant’s buttocks and did touch informant’s vagina over informant’s clothes” found sufficient to support charges of sexual abuse in the third degree and forcible touching].)
The defendant’s reliance on People v Nuruzzaman (supra) is similarly misplaced. Contrary to the defendant’s argument, *366 “squeezing, grabbing or pinching” are not necessary elements, “but examples of conduct encompassed by the offense of forcible touching. However, other contact, such as under the circumstances alleged here, [touching the complainant’s vagina], may be considered to be forcible.” (People v Powell, 19 Misc 3d at 369; see also People v Soto, supra [it is alleged that while standing on the subway the defendant pushed his fingers onto the complainant’s vagina]; People v Serrano, 5 Misc 3d 509 [Nassau Dist Ct 2004].) Moreover, while the court in People v Nuruzzaman (8 Misc 3d at 357) recognized that forcible touching requires “something more than mere touching,” this court finds that patting an individual’s buttock, as in People v Nuruzzaman (supra), is a far cry from an individual forcing himself on top of another protesting individual and repeatedly pushing an erect penis onto the victim’s vagina. It, frankly, seems rather apparent that
“[l]ying down next to the female complainant, and the male defendant’s placing [his erect penis] upon her vagina, albeit over her clothing, at 2:00 a.m., and without her consent, may reasonably lead a trier of fact to the conclusion that those acts were done without any legitimate purpose and in order gratify the actor’s sexual desire.” (People v Powell, 19 Misc 3d at 368.)
The element of force is equally apparent in the allegations presented.
Accordingly, that branch of the defendant’s motion seeking an order dismissing the charge of forcible touching is denied.
Endangering the Welfare of a Child
The court, however, is constrained to reach a different conclusion when it comes to the charge of endangering the welfare of a child, in violation of Penal Law § 260.10 (1). This section requires, inter alia, that the defendant “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.” While the prosecutor’s information states that the complainant was 14 years old, there are no nonhearsay allegations of the complainant’s age stated in the original information or the supporting deposition.
Neither the factual part of the original information nor the complainant’s supporting deposition set forth the complainant’s age or date of birth. While the People have annexed a copy of a domestic incident report to the original information which lists *367 the complainant’s date of birth and her age as 14 years old, this document is unsworn and fails to disclose the source of this information.
Having failed to provide any “nonhearsay allegations to establish the child’s age” (People v Seward, 173 Misc 2d 1020, 1021 [Mt Vernon City Ct 1997]; see also People v Mercado, 184 Misc 2d 40 [Crina Ct, Bronx County 2000]), the count charging endangering the welfare of a child is dismissed.
Sandoval Issues
The permissible use of the defendant’s prior criminal history, or specific uncharged criminal, vicious or immoral conduct of which the People have knowledge and which they intend to use at trial shall be determined at a hearing to be conducted immediately before trial, at which time the People shall notify the defendant of all such specific instances.
Discovery or Preclusion
The defendant served a demand for discovery and a request for a bill of particulars on August 19, 2008. In response, on September 2, 2008, the People served voluntary disclosure notices and demands. While the defendant now seeks an order “precluding the People from introducing those unanswered discoverable items, or in the alternative, directing the People to provide [same]” (Papa affirmation, Oct. 30, 2008, 1i 39), the defendant makes no effort to advise the court specifically which items, if any, have been provided, which responses may be improper or which items remain outstanding. It is not for the court to cull through the defendant’s demand and the People’s response to discover this information on its own. In the absence of any specific item identified by the defendant, this branch of the defendant’s motion is denied.
Further Motions
That branch of the defendant’s motion which seeks leave to serve and file additional motions, based upon a blanket request, unsupported by the proper papers and grounds, is denied as unauthorized. (See CPL 255.20 [3].) Any future motions will be determined on an individual basis, based upon the timeliness and merits thereof.
Accordingly, this branch of the defendant’s motion is denied.

 It is not disputed that the prosecutor’s information herein satisfies these requirements.