[8 NE3d 324, 985 NYS2d 209]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GUAMAN, Appellant.

Argued January 9, 2014; decided February 25, 2014

## POINTS OF COUNSEL

*Dechert LLP*, New York City (*James M. McGuire* of counsel), and *Steven Banks, The Legal Aid Society* (*Lawrence T. Hausman* of counsel), for appellant. Because no facts establishing a forcible touching were alleged, the information was jurisdictionally defective. (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653; *Matter of Riefberg*, 58 NY2d 134; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.*, 31 AD3d 100; *We're Assoc. Co. v Cohen, Stracher & Bloom*, 65 NY2d 148; *People v Nuruzzaman*, 8 Misc 3d 356; *People v Chiddick*, 8 NY3d 445; *People v Bac Tran*, 80 NY2d 170; *People v Dethloff*, 283 NY 309; *People v Gowdy*, 38 Misc 3d 143[A], 2013 NY Slip Op 50263[U]; *People v Guinn*, 37 Misc 3d 28.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Yuval Simchi-Levi* and *Alan Gadlin* of counsel), for respondent. The criminal court information was facially sufficient to charge defendant with forcible touching. (*People v Suber*, 19 NY3d 247; *People v Allen*, 92 NY2d 378; *People v Kalin*, 12 NY3d 225; *People v Henderson*, 92 NY2d 677; *People v Jackson*, 18 NY3d 738; *People v Casey*, 95 NY2d 354; *People v Love*, 306 NY 18; *People v Bartlett*, 89 AD3d 1453, 18 NY3d 881; *People v Pardew*, 20 Misc 3d 129[A], 2008 NY Slip Op 51383[U], 11 NY3d 792; *People v Powell*, 19 Misc 3d 364.)

## OPINION OF THE COURT

READ, J.

Around 4:25 p.m. on April 8, 2009, inside the subway station at Lexington Avenue and E. 42nd Street, defendant Luis Guaman rubbed his exposed penis against another man's buttocks. A Transit Division police officer observed this take place and

arrested defendant. The unwitting victim confirmed to the police officer that he had not consented to defendant's sexual advance.

Defendant was charged with third-degree sexual abuse (Penal Law § 130.55), forcible touching (Penal Law § 130.52) and public lewdness (Penal Law § 245.00). The accusatory instrument, a misdemeanor complaint dated April 9, 2009 and attested to by the arresting officer, stated as relevant to this appeal that

> "the defendant subjected another person to sexual contact without the latter's consent; in that the defendant intentionally, and for no legitimate purpose, forcibly touched the sexual and other intimate parts of another person for the purpose of degrading and abusing such person, and for the purpose of gratifying the defendant's sexual desire; . . .

> "[D]eponent observed the defendant (i) approach and stand directly behind [the victim], (ii) defendant then removed defendant's penis from defendant's pants exposing defendant's penis to open and public view, and (iii) rubbed defendant's groin area and exposed penis against [the victim's] buttocks. Deponent further states that deponent is informed by [the victim], of an address known to the District Attorney's Office, that [the victim] did not consent to defendant['s] touching [him] in any manner."

In a supporting deposition dated April 16, 2009, the victim swore to his lack of consent, thus converting the accusatory instrument into an information by providing a nonhearsay basis for the allegation that the touching was nonconsensual.[1]

On October 21, 2009, after a hearing, the judge denied defendant's motion to suppress identification evidence and statements. The next day defendant pleaded guilty to forcible touching in full satisfaction of the information. Section 130.52 of the Penal Law defines this crime as follows:

> "A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or

---

1. Lack of consent is an element of every sexual offense in article 130 of the Penal Law, and, with respect to the crime of forcible touching, results from "any circumstance[ ] . . . in which the victim does not expressly or impliedly acquiesce in the actor's conduct" (Penal Law § 130.05 [2] [c]).

abusing such person; or for the purpose of gratifying the actor's sexual desire.

"For the purposes of this section, forcible touching includes squeezing, grabbing or pinching."

The judge sentenced defendant to a conditional discharge with three days of community service in lieu of 30 days in jail.

Defendant appealed, arguing that the information was jurisdictionally defective because simply stating that he "rubbed" his groin and exposed penis against the victim's intimate parts did not fulfill the forcible component of the crime. Defendant took the position that rubbing did not entail force as called for by the statute because it was not akin to the statutory examples of "squeezing, grabbing or pinching."

In a decision and order dated June 27, 2012, the Appellate Term unanimously affirmed the judgment (36 Misc 3d 128[A], 2012 NY Slip Op 51203[U] [App Term, 1st Dept 2012]). The court concluded that " 'given a fair and not overly restrictive or technical reading,' " the information's factual allegations were "sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant committed the crime of forcible touching" (id. at *1, quoting People v Casey, 95 NY2d 354, 360 [2000]). Further, "[a]t the pleading stage, the sworn allegation that the victim did not consent to any sexual contact is 'sufficiently evidentiary in character' to support the lack of consent element of the charged crime" (id., citing People v Allen, 92 NY2d 378, 385 [1998]). On October 4, 2012, a Judge of this Court granted defendant leave to appeal (19 NY3d 1102 [2012]). We now affirm.

To be facially sufficient, the allegations in the factual portion of a misdemeanor complaint, together with any accompanying supporting depositions, must provide " 'reasonable cause' to believe that the defendant committed the charged offense" (People v Kalin, 12 NY3d 225, 228 [2009]; see CPL 100.40 [4] [b]). Additionally, "an information must set forth 'nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof' " (Kalin at 228-229, quoting People v Henderson, 92 NY2d 677, 679 [1999]). This is known as the "prima facie case requirement," which is not nearly so stringent as the burden of proof beyond a reasonable doubt required to convict or even the legally sufficient evidence necessary to survive a motion to dismiss (id. at 229-230; CPL 100.40 [1] [c]). Rather, as the Appellate Term noted, we

have held that "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*Casey*, 95 NY2d at 360).

Here, defendant claims that the information does not meet even these minimal standards because the factual allegation that he "rubbed" his groin and exposed penis against the victim's buttocks does not establish the kind or level of force required by Penal Law § 130.52. This is so, he argues, because "squeezing, grabbing or pinching," the statutory examples, "share a common core"; namely, "[i]n all three, a sexual or intimate part of the victim is compressed between two objects." And while a squeeze, grab, or pinch "can be so gentle as to entail virtually no manual pressure," these acts are more likely to result in "pain or at least non-trivial physical discomfort." By contrast, he contends, rubbing does not involve compression and is unlikely to cause pain or nontrivial physical discomfort.

Additionally, defendant protests that if the act of rubbing constitutes a forcible touch, the distinction between the crimes of forcible touching, a class A misdemeanor, and third-degree sexual abuse, a class B misdemeanor, is effectively obliterated and someone who commits third-degree sexual abuse with the purpose of gratifying *the actor*'s sexual desire may be prosecuted for forcible touching at the whim of the prosecutor. In defendant's view, then, "forcibly touches" is the same as "any touching" unless the former is limited to contact that compresses the victim's sexual or intimate parts between two objects and is likely to cause pain or at least nontrivial physical discomfort, the common threads he finds in the statutory examples of "squeezing, grabbing or pinching." Absent this proposed limitation, defendant urges, the "at best quixotic result" would be that any conduct establishing the "lesser offense" of third-degree sexual abuse would necessarily also establish "the essential elements of the forcible touching offense, even though the latter offense is a more serious crime."

In making this argument, defendant does not adequately take into account the mens rea element of third-degree sexual abuse. Specifically, to be guilty of third-degree sexual abuse, the actor must "subject[ ] another person to sexual contact without the latter's consent" (Penal Law § 130.55); and, as relevant to the mens rea element, the term "sexual contact" is defined as

"any touching of the sexual or other intimate parts of a person *for the purpose of gratifying sexual desire of either party*. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed." (Penal Law § 130.00 [3] [emphasis added].)

Because third-degree sexual abuse criminalizes nonconsensual sexual touching for purposes of *either* party's sexual gratification, the People are not required to plead or prove whether the touching is for the actor's or the recipient's sexual gratification (*see* CJI2d[NY] Penal Law § 130.55).

Additionally, defendant presupposes a fundamental relationship between the two statutes which does not, in fact, exist. Rather, third-degree sexual abuse is part of a family of crimes that also includes second- and first-degree sexual abuse, where punishment is elevated if additional factors are present. In short, third-degree sexual abuse is not "the lesser crime" as compared to forcible touching, and we do not conflate the two crimes if we fail to adopt defendant's proposed limitation.

In any event, the People dispute defendant's argument that "forcibly touches," unless limited as he proposes, is no different than "any touching." They point out that "force" is commonly defined as "strength or energy exerted or brought to bear" (*see* Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/force); and "rub" (as an intransitive verb) "to move along the surface of a body with *pressure*," or (as a transitive verb) "to subject to or as if to the action of something moving especially back and forth with *pressure and friction*" (*see* Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/rub [emphasis added]).[2] And "[s]ince the use of 'pressure' or 'friction' obviously brings strength or energy to bear,[3] the act of 'rubbing' qualifies as a

---

**2.** Similarly, the first definition given in the Oxford English Dictionary for "rub" as a transitive verb is "[t]o subject (a surface or substance) to the action of something (as a hand, a cloth, etc.) moving over it, or backwards and forwards upon it, with a certain amount of pressure and friction"; and, as an intransitive verb, "[t]o exert or employ friction accompanied by pressure; to move and at the same time press *upon* or *against* something" (14 Oxford English Dictionary 189, 190 [2d ed 1989]).

**3.** "Pressure" is commonly defined as "the weight or force that is produced when something presses or pushes against something else" (*see* Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/pressure).

forcible touch." Moreover, the People add, the information here was plainly sufficient even under defendant's alternative construction of "forcibly touches." Specifically, "by rubbing his groin and exposed penis against the victim's buttocks without . . . consent, defendant could certainly have caused the victim 'non-trivial physical discomfort' [and f]or that matter, [defendant] also clearly compressed his penis between his body and the victim's body." Because the crime of forcible touching requires the application of some level of pressure to the victim's sexual or other intimate parts, the People continue, the actus reus for this crime differs from the actus reus for third-degree sexual abuse, which may only entail bringing a bodily part into fleeting contact with another's sexual or intimate parts.

We agree with the People and conclude that "forcibly touches" is not restricted in the way defendant advocates. Indeed, we understand the examples set out in the statute (i.e., "squeezing, grabbing or pinching") as intended by the legislature to signal a low threshold for the forcible component of this crime's actus reus. Accordingly, we hold that, when done with the relevant mens rea, any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts qualifies as a forcible touch within the meaning of Penal Law § 130.52. The allegation in the information here easily meets this test.

Legislative history supports our broad construction of the statutory language. The legislature enacted the crime of forcible touching as part of the Sexual Assault Reform Act of 2000. This legislation was designed to update the state's laws dealing with sexual assault for the first time in 30 years and to assist victims in their efforts to recover psychologically from these crimes. It was a compromise measure introduced by message of necessity in both houses of the legislature on June 22, 2000, on the wane of the legislative session. The "impetus" for the new crime of forcible touching, which did not appear in the several earlier versions of a reform bill passed by the Senate, but not the Assembly, was "a notorious series of forcible touchings of the sexual parts of women walking through Central Park" that took place less than two weeks before the legislature acted (see William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 130.52 at 234; see also Budget Report on Bills, Bill Jacket, L 2000, ch 1 at 3 [remarking that the creation of the new crime of forcible touching was a "response to the recent Central Park 'Wilding' "]). The victims of these public sexual attacks generally were physically unhurt

(*see* C. J. Chivers & Kevin Flynn, *35 Scary Minutes: Women Tell Police of Assaults in Park*, NY Times, June 13, 2000, cited in the Practice Commentary). Given this context, it is hard to believe that the legislature meant for "forcibly touches" to cover only contact that compresses and is painful or physically discomforting.

Accordingly, the order of the Appellate Term should be affirmed.

Chief Judge LIPPMAN (concurring). I agree with the result, but not the majority's proposed rule. The primary question in this case is whether the factual allegations in the misdemeanor information gave defendant adequate notice to prepare a defense and were detailed enough to prevent him from being tried twice for the same offense (*see People v Casey*, 95 NY2d 354, 360 [2000]). I would hold simply that the information was sufficient under the circumstances.

The majority goes far beyond what is necessary and delineates the entire realm of forcible touching by defining "forcible touch" under Penal Law § 130.52 as "any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts" (at 684). To the extent the test is a rejection of defendant's argument that the touching must consist of compression of a victim's sexual or intimate parts between two objects, I agree. If the test means that there is some requisite level of pressure, but the Court declines to provide any guidance, I find it unhelpful. If, however, the test intends "some level of pressure" to mean "any pressure," I disagree.

To define "forcible" as "any pressure" reads "forcible" out of the statute, abolishing an important distinction between forcible touching, an A misdemeanor, and sexual abuse in the third degree, a B misdemeanor, where the touching is performed for sexual gratification. "A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent" (Penal Law § 130.55). "Sexual contact" is defined as "*any touching* of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3] [emphasis added]).

The legislature evidently has made a distinction between "any touching" and "forcible touching" with regard to sex crimes. This distinction would be artificial under the majority's test because any touching inherently involves the application of

"some level of pressure." The contention that the actus rei of forcible touching and third-degree sexual abuse are distinct because the latter encompasses "fleeting contact" is but a strained attempt to differentiate the critical elements of the two crimes as defined by the majority (at 684). "Fleeting" describes only the transitory nature of the contact, which is irrelevant under the statute.

Judges GRAFFEO, SMITH, PIGOTT and RIVERA concur with Judge READ; Chief Judge LIPPMAN concurs in result in an opinion; Judge ABDUS-SALAAM taking no part.

Order affirmed.