People v Yeboah (2023 NY Slip Op 51083(U))

[*1]

People v Yeboah (Stephen)

2023 NY Slip Op 51083(U)

Decided on October 16, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 16, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

571009/15

The People of the State of New York, Respondent,
against
Stephen Yeboah, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (John Wilson, J.), rendered October 3, 2013, convicting him, after a nonjury trial, of attempted forcible touching, attempted unlawful imprisonment in the second degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (John Wilson, J.), rendered October 3, 2013, affirmed.
Defendant's present challenge to the legal sufficiency of the evidence supporting his conviction for attempted forcible touching (see Penal Law §§ 110.00, 130.52[1]), attempted unlawful imprisonment in the second degree (see Penal Law §§ 110.00, 135.05), and harassment in the second degree (see Penal Law § 240.26[1]), is unpreserved, since defendant's motion to dismiss at the close of the People's case "was not specifically directed at the alleged insufficiency that he now raises on appeal" (People v Danielson, 40 AD3d 174, 176 [2007], affd 9 NY3d 342 [2007]), and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348-349). There is no basis for disturbing the court's determinations concerning credibility. The evidence, along with reasonable inferences that could be drawn therefrom, established the elements of the offenses at issue, including defendant's "application of some level of pressure to the victim's sexual or intimate parts" (People v Guaman, 22 NY3d 678, 683-684 [2014]) and his attempt to restrain the victim in his vehicle after the incident (see Penal Law §§ 110.00, 135.00[1]; see also Matter of David H., 69 NY2d 792, 793 [1987]; People v Irby, 140 AD3d 1319 [2016], lv denied 28 NY3d 931 [2016]); Matter of Marlon B., 51 AD3d 436 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2023