People v Taylor (2025 NY Slip Op 25138)

[*1]

People v Taylor

2025 NY Slip Op 25138

Decided on June 12, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 12, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Saladin Taylor, Defendant.

Docket No. CR-030949-24BX

For the Defendant
Colin Cowperthwaite & Kissa 
Broadie (Legal Aid Society)
For the People
ADA Sam Arno

David L. Goodwin, J.

In his omnibus motion, defendant Saladin Taylor moves to dismiss the charges against him as facially insufficient and duplicitous, and as unconstitutional under the Second Amendment. He also contends that the entire accusatory instrument must be dismissed on C.P.L. § 30.30 speedy trial grounds. In the alternative, he asks for suppression, pretrial hearings, and other relief. The People oppose, and filed a sur-reply at the direction of the Court.
Most of Taylor's arguments track those raised and decided in the companion case, CR-031158-24BX, and are resolved the same way here. The differences are addressed at greater length below. In sum, the motion to dismiss is DENIED, but Mapp/Dunaway/Huntley hearings are ordered.
First, Taylor's duplicity challenges have more purchase here than in the companion case, as the People initially argued that the four weapon-possession counts corresponded to three categories of alleged weapons: electronic stun guns,[FN1]
metal knuckles, and billy clubs. People's [*2]Resp. at 15. Setting aside any unit-of-prosecution issues created by that position, there was an obvious mismatch between the number of categories and number of counts. While the bill of particulars in the People's sur-reply instead commits the People to proving possession of two sets of metal knuckles, two electronic stun guns, and two knives (for the separate knife-possession counts), there is still a potential issue of which knives and which electronic stun guns. See People's Sur-Reply at 3. Because the issue of duplicity was raised for the first time in the defense reply brief, dismissal based on this (still-curable) issue appears inappropriate; any remaining lack of clarity can be addressed by the trial judge.
Taylor's challenge to the facial sufficiency of the weapons counts does not address the stun guns or metal knuckles. Regardless, the metal knuckle counts are facially sufficient for the reasons set forth in the companion case, and the stun-gun counts survive because the deponent officer claimed that the stun guns "emitted a visible electrical charge" upon being tested. Accusatory Instrument at 1; see People v. Rivera, 54 Misc 3d 129(A), 2016 NY Slip Op. 51825(U), at *1 (App. Term 1st Dept. 2016) (operability established by similar allegations).
Taylor argues that the knife counts are facially insufficient because the allegations of the instrument do not establish that he wore a knife outside of his clothing or carried it in open view, as required by the language of Administrative Code § 10-133(c). See Defense's Mot. at 10—11; see also Administrative Code of City of NY § 10-133(c) ("It shall be unlawful for any person in a public place, street or park, to wear outside of his or her clothing or carry in open view any knife with an exposed or unexposed blade unless such person is actually using such knife for a lawful purpose as set forth in subdivision d of this section."). The deponent officer claimed that he saw Taylor with a variety of prohibited objects in his "hand, pockets and backpack," while Taylor allegedly said, "Don't be a victim. Protect yourself. I have what you need." Accusatory Instrument at 1. If these allegations are assumed to be true, People v. Wheeler, 34 NY3d 1134, 1135 (2020); given a fair and not overly restrictive or technical reading, People v. Guaman, 22 NY3d 678, 681 (2014); and all reasonable inferences drawn from them are construed in favor of the People, People v. Jackson, 18 NY3d 738, 741, 747 (2012), these facts are sufficient—if just barely—to suggest that the officer saw Taylor displaying the knives in his hand, or otherwise out in the open. Viewed that way, they establish a violation of the statute for these initial purposes.
As in the companion case, Taylor's § 30.30 speedy trial argument is premised on the facial insufficiency of the challenged counts, and (by extension) the People's alleged inability to declare ready for trial. See Defense Mot. at 11—21. While one of the counts was facially insufficient in the companion case, all counts here are valid; and, even if it were otherwise, his motion would be denied for the same reasons set forth in the companion case.
Taylor also raises facial Second Amendment constitutional challenges to criminalizing [*3]possession of metal knuckles, electronic stun guns, and the public possession of knives. See United States v. Rahimi, 602 U.S. 680 (2024); NY Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). The metal-knuckle issue was addressed and rejected in the companion case. 

The stun-gun question is more complicated. Courts whose decisions do not bind this one have split on the question, albeit with the weight of authority appearing to favor invalidity of § 265.01(1)'s ban on civilian possession of tasers and stun guns. Compare Avitabile v. Beach, 368 F. Supp. 3d 404, 421 (N.D.NY 2019) (Hurd, J.) (concluding, pre-Bruen, that New York's total ban on civilian possession of stun guns and tasers was unconstitutional), and O'Neil v. Neronha, 594 F. Supp. 3d 463, 479 (D.R.I. 2022) (sustaining a post-Bruen challenge to a similar Rhode Island statute), with Calce v. City of New York, No. 21 CIV. 8208 (ER), 2025 WL 895414, at *4, 11 (S.D.NY Mar. 24, 2025) (Ramos, J.) (denying a Bruen challenge to P.L. § 265.01 and a counterpart in the City administrative code based on a failure to offer sufficient proof of common use).[FN2]

Having surveyed the relevant decisions, the Court denies Taylor's challenge for substantially the reasons set forth by Judge Ramos in Calce. Taylor asserts that electronic stun guns are commonly used for lawful purposes, relying on the favorable authority discussed above, other decisions, and several articles. While proceedings attendant to a local criminal court pretrial omnibus motion are by nature circumscribed, Taylor's proffer does not satisfy the first step of Bruen, which requires him to show that stun guns are in common use. A reliance on articles and "findings and conclusions from non-binding cases" does not meet this threshold. Calce, 2025 WL 895414, at *10—11 (internal quotation marks omitted). However, should the trial judge decide to permit Taylor to make a more expansive application on this ground later in the case, Taylor should feel free to do so. 
Finally, while Taylor argues that knives are commonly used for lawful purposes, he is not charged with pure possession of the knives, but instead public carrying of knives. It may be that the public carrying of an only partially exposed knife does not run afoul of the law at all, permitting open carrying so long as most of the knife is not visible. See People v. Cutlip, 53 Misc 3d 1164, 1171 (N.Y.C. Crim. Ct., NY Co. 2016) (Crane, J.) (concluding that a knife was not publicly carried when only the clip was visible). Otherwise, section 10-133(c) does not prohibit carrying or using knives in self-defense in non-public areas—most significantly, in the home, where "the need for defense of self, family, and property is most acute." District of [*4]Columbia v. Heller, 554 U.S. 570, 628 (2008).[FN3]
Taylor has not otherwise shown that this particular kind of restriction fails under a facial challenge brought pursuant to Bruen and its progeny.
Finally, as in the companion case, Mapp/Dunaway/Huntley hearings are ordered. Any voluntariness, preclusion, or Sandoval/Molineux/Ventimiglia issues are referred to the trial court. All other requests are denied, and additional pretrial motions are not authorized absent a showing of good cause.
* * *
For the reasons set forth above, the branch of Taylor's motion seeking dismissal is DENIED, and Mapp/Dunaway/Huntley hearings are ordered.
Dated: June 12, 2025
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:The accusatory instrument calls these "tasers," but a "taser" often refers to an electronic dart gun, and the accusatory instrument appears to be instead describing a stun gun without a projectile function. See United States v. Munchel, 991 F.3d 1273, 1281 n.5 (D.C. Cir. 2021) ("[A] taser is commonly understood as a device designed to expel a projectile capable of causing injury to individuals."); see also P.L. § 265.00(15-a) (defining "[e]lectronic dart gun"), 265.00(15-c) (defining "[e]lectronic stun gun"). As both kinds of devices are covered in P.L. § 265.01(1), the distinction makes little difference at the moment.

Footnote 2:Calce is pending before the Second Circuit, but will not be argued or decided for a while. See 2d Cir. No. 25-861, doc. 23, available at https://storage.courtlistener.com/recap/gov.uscourts.ca2.c1db7e5c-a94a-4812-888e-1c7ea6dacef0/gov.uscourts.ca2.c1db7e5c-a94a-4812-888e-1c7ea6dacef0.23.0.pdf (reflecting proposed opening brief due date of July 18, 2025).

Footnote 3:In fact, it is not entirely clear whether § 10-133(c) would actually bar the public use of a knife in self-defense. The law contains a carve-out for "using such knife for a lawful purpose as set forth in subdivision d of this section." While subdivision d does not reach the justified use of a knife, the justified use of a not-inherently-unlawful weapon for the purpose of defense may nevertheless fall outside of the prohibition of § 10-133(c)—an interpretation that might further insulate the law from facial constitutional challenge. Cf. People v. Richards, 22 Misc 3d 798, 804—05 (N.Y.C. Crim. Ct., NY Co. 2008) (Mandelbaum, J.) (observing that the justified use of a "knife whose mere possession is not itself unlawful" does not fall within the usual rule that "justification is not a defense to weapon possession").