People v Kumar (2025 NY Slip Op 51056(U))

[*1]

People v Kumar

2025 NY Slip Op 51056(U)

Decided on June 25, 2025

Criminal Court Of The City Of New York, New York County

McDonnell, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 25, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
Ravi Kumar, Defendant.

Docket No. CR-006620-25NY

ADA Rachel Podolsky

Anthony Curry, of NY County Defender Service

Janet McDonnell, J.

I. BACKGROUND
The defendant was arrested on March 2, 2025, for an alleged incident from January 10, 2025, during which he is accused of sexually assaulting the complainant, who was a passenger in a taxi operated by the defendant at the time the allegations occurred. He was arraigned on March 5, 2025, after which he was released under supervision. On the next court date, April 21, 2025, the People filed the complainant's supporting deposition, the complaint was deemed to be an information, and the case was adjourned for trial to June 3, 2025. The defendant filed the instant motions on May 30, 2025, and on June 18, 2025, the People filed a superseding information, another supporting deposition from the complainant (dated June 17, 2025), and their opposition to the defendant's motions.
The motions presently before the Court are a motion to dismiss three counts of Forcible Touching as facially insufficient, and an omnibus motion, through which the defendant seeks various relief. The Court has reviewed and considered all papers filed in connection with this matter, and it takes each motion in turn. 
II. FACIAL INSUFFICIENCY
To be facially sufficient, an information must contain non hearsay allegations that, if true, establish every element of the offense(s) charged and the defendant's commission thereof. People v. Kalin, 12 NY3d 225, 228-229. (2009). If it does not, then it is jurisdictionally defective. Id., at 229. In this sense, it serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution. People v. Dumay, 23 NY3d 518, 522 (2014).
This "prima facie" standard is "not nearly so stringent as the burden of proof beyond a reasonable doubt required to convict or even the legally sufficient evidence necessary to survive a motion to dismiss." People v. Guaman, 22 NY3d 678, 681 (2014). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed . . . they should be given a fair and not overly restrictive or technical reading." People v. Casey, 95 NY2d 354, 361 (2000).
Courts are also to interpret the Penal Law "according to the fair import of their terms to [*2]promote justice and effect the objects of the law." People v. Ditta, 52 NY2d 657, 660 (1981) (quoting Penal Law §5.00). This review is confined, moreover, to the four corners of the information and or annexed supporting deposition(s). People v. Thomas, 4 NY3d 143, 146 (2005). 
Pursuant to Penal Law §130.52, Forcible Touching states:
"A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose:
1. forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire . . . ". It continues: "For the purposes of this section, forcible touching includes squeezing, grabbing or pinching." Id. Additionally, this offense must be committed without the complainant's consent. 
Here, the superseding information alleges that the defendant kissed the complainant's face and neck, and that the defendant cupped her right breast over her clothing. The defendant is alleged to have committed these actions after the complainant entered his taxi; the defendant drove the complainant for a few minutes, pulled over, relocated to the back where the complainant was seated, and sat close to her. The complainant signed a supporting deposition that indicates the accusatory instrument is true and based on her personal knowledge. If true, these allegations, which are based on non-hearsay allegations pursuant to the complainant's signed supporting deposition, are sufficient to satisfy each element of the charged offenses.
In his motion, the defendant does not challenge the intimate or sexual nature of the complainant's body parts that he is alleged to have touched. The complainant's breasts satisfy these criteria easily because breasts are commonly accepted by society as sexual or intimate in nature. See People v. Hatton, 26 NY3d 364, 369 (2015) (finding the buttocks to be an intimate and or sexual body part). 
Case law also supports this finding for complainant's neck and face given the nature of the alleged circumstances of this incident, which include how the defendant positioned himself closely to complainant in a confined space, kissed her on both of those body parts, and cupped her breast. The Court finds that kissing in this context is an act society recognizes as inherently intimate or sexual, and further, that the escalation to complainant's breast suggests strongly the intended intimate and or sexual nature of the entire interaction. See People v. Sene, 66 AD3d 427 (1st Dept. 2009) (finding the neck to be an intimate part); see also People v. Dunkley, 79 Misc 3d 703 (Sup. Ct., NY County 2023) (finding feet to be an intimate part); see also People v. Graydon, 129 Misc 2d 265 (Crim. Ct. New York County 1985) (finding leg to be an intimate part). 
Likewise, the defendant did not challenge that the alleged acts were for the purpose of gratifying his sexual desire, that they were intentional and for no legitimate purpose, or that they were committed without consent. See Hatton, 26 NY3d at 370 (finding intent may be inferred from the act itself); see also People v. Francis, 81 Misc 3d 131(A), 2023 NY Slip. Op. 51284(U) (App. Term 2023) (holding intent and purpose elements of forcible touching to be satisfied when defendant positioned himself close to the victim before he repeatedly touched and or cupped her buttocks). Like in Hatton and Francis, here, the Court finds the defendant's purpose and intent may be inferred from how he stopped the taxi that he was driving to re-position himself deliberately close to the complainant in the taxi's backseat, how he repeatedly touched her, and [*3]the inherently intimate and or sexual nature of the touched body parts. In addition, the supporting deposition states the complainant "did not consent to [the defendant] touching or kissing her."
Defendant's challenge is focused, moreover, on whether the alleged touches were committed with sufficient force. In 2014, the Court of Appeals held that "when done with the relevant mens rea, any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts qualifies as a forcible touch . . . ". People v. Guaman, 22 NY3d 678, 684 (2014). In that case, the defendant rubbed his exposed penis against the victim's buttocks. Id., at 679. The defendant argued on appeal that rubbing did not entail sufficient force to constitute a forcible touching because it was "not akin" to "squeezing, grabbing or pinching." Id., at 681. The court rejected that argument by citing legislative history that supported a "low threshold for the forcible component of this crime's actus reus." Id., at 684.
Additionally, in Powell, Criminal Court of Kings County found sufficient force to reject defendant's facial insufficiency claim for "placing his head on the complainant's buttocks at 2:00 A.M. and touching her vagina over her clothes." People v. Powell, 19 Misc 3d 364 (Crim. Ct., Kings County 2008). There, the court rejected comparisons to Nuruzzaman, 8 Misc 3d 356 (2005), a case cited by this defendant in which insufficient force was found when that defendant repeatedly patted the victim's buttocks. Powell, 19 Misc 3d at 368. In Powell, the court found that the allegations were "forcible" and stated they went "far beyond the casual touching . . . encompassed under the lesser degree offense of sexual abuse in the third degree." Powell, 19 Misc 3d at 368, 370.
In Francis, the First Department, Appellate Term, similarly found sufficient force to reject defendant's facial insufficiency claim when he "repeatedly placed his hand on the complainant's buttocks . . . over her clothing, and without her consent . . . ". Francis, 81 Misc 3d 141(A). The evidence at trial was also deemed to be legally sufficient based on how the "defendant positioned himself close to the victim, repeatedly touched and or cupped her buttocks with his hand . . . then followed and touched her again in the same manner . . . ". Id. (emphasis added).
This Court finds that the allegations that the defendant kissed the complainant's neck and face and cupped her breast are facially sufficient given the circumstances in which the conduct is alleged to have occurred; the superseding information thus contains adequate details to inform the defendant of the precise nature of the alleged conduct. This conclusion is supported by Francis, where "cupping"[FN1]
and or "touching" over the clothes of an intimate body part constituted satisfactory proof beyond a reasonable doubt, and is consistent with the level of force required by Guaman because the allegations go beyond the casual touching encompassed by lesser charges. The Court declines to adopt the defendant's hyper-technical and overly restrictive reading of the information, and in doing so, finds Zaragosa and other proffered cases to be [*4]inapposite.[FN2]

Accordingly, the defendant's motion to dismiss the three Forcible Touching charges for facial insufficiency is hereby denied. 
III. OMNIBUS
Defendant's omnibus motion is decided as follows:
1. Defendant's motion to suppress statements, or, in the alternative, for a Huntley/Dunaway hearing, is granted, insofar as a Huntley/Dunaway hearing is ordered. To the extent that there are additional unnoticed statements that People wish to use on cross-examination, the People are directed to inform the Court of such so that a proper determination about a voluntariness hearing can be made.
2. Defendant's reservation to make additional motions as necessary is granted to the extent that they are based on new facts or law that "defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised" pursuant to the time requirements found in C.P.L. § 255.20(3).
3. The People's request for reciprocal discovery is granted. Defendant is reminded of the reciprocal discovery requirements set forth in C.P.L. § 245.20(4) and directed to file a Certificate of Compliance pursuant to C.P.L. § 245.50(2).
This constitutes the Decision and Order of the Court.
Dated: June 25, 2025
New York, New York

Footnotes

Footnote 1:When used as a verb, the word "cup" may mean "to curve into the shape of a cup." See "Cup." Merriam-Webster.com. 2025. https://www.merriam-wesbter.com (24 June 2025). Based on a common sense understanding of this definition, the Court believes that cupping is akin to cradling, supporting, or holding an item. In other words, cupping a body part with one's hand is more prolonged than a brief pat or an immediate touch. Consequently, this purposeful contact with the palm of one's hand constitutes sufficient force at this stage of the case.

Footnote 2:Zaragosa involved an attempted forcible touching wherein the defendant "touched the victim's thighs and genitals by reaching under her skirt." People v. Zaragosa, 195 AD3d 522 (1st Dept. 2021). Here, presuming the kissing and cupping allegations to be true, they escalate beyond an attempt.