People v Campbell (2020 NY Slip Op 51319(U))

[*1]

People v Campbell (Perry)

2020 NY Slip Op 51319(U) [69 Misc 3d 138(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-826 Q CR

The People of the State of New York,
Respondent, 
against
Perry Campbell, Appellant. 

New York City Legal Aid Society (Lorca Morello of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, and Jie Gao of counsel),
for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Michelle Johnson, J.), rendered January 10, 2018. The judgment convicted defendant, upon his
plea of guilty, of bail jumping in the third degree, and imposed sentence. The appeal brings up
for review an order of that court (Ushir Pandit-Durant, J.) dated May 9, 2017 denying defendant's
motion to dismiss the accusatory instrument in the interest of justice and the branch of a separate
motion by defendant seeking to dismiss the accusatory instrument on the ground of facial
insufficiency.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with bail jumping in the third degree (Penal Law § 215.55). The
factual portion of the accusatory instrument, executed by an employee of the District Attorney's
Office, alleges, based upon an examination of a printout from the "CRIMS Computer System,"
which was annexed to the instrument and which contained the procedural history of the
underlying charge against defendant, that defendant was released from custody by court order and
allowed to remain at liberty upon the condition that he appear personally in court on July 29,
2015 in connection with that case, and that he failed to appear on the required date or within 30
days thereafter.
Defendant moved to dismiss the accusatory instrument in the interest of justice (see
CPL 170.30 [1] [g]; 170.40) and separately, insofar as is relevant to this appeal, to dismiss the
[*2]accusatory instrument as facially insufficient. The Criminal
Court (Ushir Pandit-Durant, J.) denied both motions. Defendant appeals from a judgment
convicting him, upon his plea of guilty, of bail jumping in the third degree, arguing that the
accusatory instrument should have been dismissed.
Defendant's arguments concerning the facial sufficiency of the accusatory instrument are
jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]) and, therefore, were not
forfeited upon his plea of guilty (see
People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]). On the other hand,
defendant forfeited his right to appellate review of the denial of his motion to dismiss the
accusatory instrument in the interest of justice by pleading guilty (see People v Kontos, 71 AD3d 507
[2010], lv denied 14 NY3d 887, 889 [2010]; People v Arvelo, 16 AD3d 128 [2005], lv denied 4 NY3d
883 [2005]; People v Gerber, 182 AD2d 252 [1995]; People v Wilson, 30 Misc 3d 138[A], 2011 NY Slip Op 50222[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
As defendant expressly waived the right to be prosecuted by information, the accusatory
instrument must be evaluated under the standards that govern a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 523 [2014]; see also CPL 100.15, 100.40 [4]; People v Dumas, 68
NY2d 729, 731 [1986]). While the law does not require that an accusatory instrument contain the
most precise words or phrases most clearly expressing the charges, the offense and factual bases
therefor must be sufficiently alleged (see
People v Konieczny, 2 NY3d 569, 575 [2004]).
Contrary to defendant's argument, the accusatory instrument sufficiently alleged a necessary
element of bail jumping in the third degree (see People v McLean, 168 Misc 2d 140 [App
Term, 2d Dept, 9th & 10th Jud Dists 1996]), that he failed to appear within 30 days after a
specified date, here July 29, 2015 (see People v Martinez,45 Misc 3d 134[A], 2014 NY
Slip Op 51725[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Since the
accusatory instrument alleged facts of an evidentiary character supporting or tending to support
the charge (see CPL 100.15 [3]), "set forth facts that establish[ed] reasonable cause to
believe that [] defendant committed the charged offense" (Dumay, 23 NY3d at 522;
see CPL 100.40 [4]), and provided defendant "with sufficient notice of the charged crime
to satisfy the demands of due process and double jeopardy" (Dumay, 23 NY3d at 524
[internal quotation marks omitted]), it was facially sufficient.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020