People v Baltazar (2021 NY Slip Op 50948(U))

[*1]

People v Baltazar (Pedro)

2021 NY Slip Op 50948(U) [73 Misc 3d 130(A)]

Decided on September 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

Nos.2018-141 Q CR

The People of the State of New York,
Respondent,
against
Pedro Baltazar, Appellant. 

New York City Legal Aid Society (Simon Greenberg of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Margaret Iocco of
counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Queens County
(Michelle A. Johnson, J.) rendered November 30, 2017. Separate appeal from an amended
judgment of that court rendered May 17, 2018 (Karen Gopee, J.). The first judgment, insofar as
reviewed, convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a
motor vehicle in the third degree. The second judgment convicted defendant, upon his plea of
guilty, of bail jumping in the third degree, and imposed sentence. The amended judgment
revoked the sentence previously imposed upon defendant's conviction of aggravated unlicensed
operation of a motor vehicle in the third degree and resentenced defendant to 10 days in jail.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition; and it is further,
ORDERED that the judgment convicting defendant of aggravated unlicensed operation of a
motor vehicle in the third degree, insofar as reviewed, the judgment convicting defendant of bail
jumping in the third degree, and the amended judgment are affirmed.
Insofar as is relevant to this appeal, defendant was charged in an accusatory instrument with,
among other things, aggravated unlicensed operation of a motor vehicle in the second degree
(Vehicle and Traffic Law § 511 [2] [a] [iv]) and, in a separate accusatory instrument, with
[*2]bail jumping in the third degree (Penal Law § 215.55).
Thereafter, defendant pleaded guilty to the lesser included offense of aggravated unlicensed
operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) and
to bail jumping in the third degree in satisfaction of each of the accusatory instruments, and was
sentenced forthwith. Subsequently, the sentence of conditional discharge imposed upon the
conviction of aggravated unlicensed operation of a motor vehicle in the third degree was revoked
and defendant was resentenced to 10 days in jail. 
Defendant appeals from the judgments of conviction and, separately, from the amended
judgment of conviction. By decision and order on motion dated February 27, 2019, this court
dismissed so much of the appeal from the judgments of conviction as imposed sentence upon the
judgment convicting defendant of aggravated unlicensed operation of a motor vehicle in the third
degree (2019 NY Slip Op 73704[U]).
Defendant's challenge to the facial sufficiency of the accusatory instruments raises a
jurisdictional issue and, therefore, was not forfeited upon his pleas of guilty (see People v Jackson, 18 NY3d
738, 741 [2012]; People v
Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]). As defendant
waived his right to be prosecuted by information, the accusatory instruments were only required
to satisfy the jurisdictional standards of a misdemeanor complaint (see CPL 170.65 [3]; People v Aragon, 28 NY3d 125,
127 [2016]; People v Dumay, 23
NY3d 518, 523-524 [2014]). In order to be facially sufficient, the allegations in the factual
portion of a misdemeanor complaint, together with any accompanying supporting depositions,
must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL
100.15 [3]), and must provide "reasonable cause to believe that the defendant committed the
offense charged" (CPL 100.40 [4] [b]; People v Guaman 22 NY3d 678 [2014]; People v Suber, 19 NY3d 247
[2012]; People v Kalin, 12 NY3d
225, 228 [2009]). A misdemeanor complaint is adequate so long as it provides the defendant
"with sufficient notice of the charged crime to satisfy the demands of due process and double
jeopardy" (People v Dreyden, 15 NY3d at 103; see also People v Aragon, 28
NY3d at 128; People v Dumay, 23 NY3d at 524).
Defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third
degree, which is a lesser included offense of the charged offense of aggravated unlicensed
operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a]
[iv]), in satisfaction of that multi-count accusatory instrument. Consequently, on appeal
defendant need only challenge the facial sufficiency of the charged offense of aggravated
unlicensed operation of a motor vehicle in the second degree (see People v Meme, 63 Misc 3d 164[A], 2019 NY Slip Op
50940[U] [App Term 2d Dept, 2d, 11th & 13th Jud Dists 2019], lv denied 34 NY3d
952 [2019]; People v Mason, 62
Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). The relevant
sections of Vehicle and Traffic Law § 511, "Operation while license or privilege is
suspended or revoked; aggravated unlicensed operation," provide as follows:
"1. Aggravated unlicensed operation of a motor vehicle in the third
degree.
(a) A person is guilty of the offense of aggravated
unlicensed operation of a motor vehicle in the third degree when such person operates a motor
vehicle upon a public highway while knowing or having reason to know that such
person's license or privilege of [*3]operating such motor vehicle
in this state or privilege of obtaining a license to operate such motor vehicle issued by the
commissioner is suspended, revoked or otherwise withdrawn by the
commissioner.
2. Aggravated unlicensed operation of a motor
vehicle in the second degree. (a) A person is guilty of the offense of aggravated unlicensed
operation of a motor vehicle in the second degree when such person commits the offense of
aggravated unlicensed operation of a motor vehicle in the third degree as defined in
subdivision one of this section; and
. . .
(iv) such person has in effect three or more suspensions,
imposed on at least three separate dates, for failure to answer, appear or pay a fine, pursuant to
subdivision three of section two hundred twenty-six or subdivision four-a of section five hundred
ten of this chapter" (emphasis added).
Here, the arresting officer alleged in
the accusatory instrument (1) that he had observed defendant operating a motor vehicle; (2) that
he "obtained and read a teletype printout of the New York State Department of Motor Vehicles . .
. and said records showed that the defendant has an identification only and his privilege to
operate a motor vehicle was suspended on ten or more occasions, the last date being 11/18/15
and is presently revoked"; and (3) that "all summonses have printed on them . . . 'you must
answer this ticket within 15 days of the date of the offense. Failure to answer will result in the
suspension of your license and a default judgment against you.' " Defendant's driving abstract,
which was filed with the accusatory instrument, showed that, as of November 18, 2015,
defendant's driver's license had been suspended more than 10 times due to his failure to either
answer summonses or pay fines.
We find that the factual portion of the accusatory instrument, together with the filed driving
abstract, satisfies the jurisdictional requirements of a complaint charging the offense of
aggravated unlicensed operation of a motor vehicle in the second degree (see CPL 100.15
[3]; 100.40 [4] [b]; People v
Guaman 22 NY3d 678; People
v Suber, 19 NY3d 247; People v Kalin, 12 NY3d at 228), including the
requirement that defendant knew or had reason to know of the suspension of his driver's license
(see generally People v Sanago, 35
Misc 3d 143[A], 2012 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2012]; People v Austin, 34
Misc 3d 136[A], 2011 NY Slip Op 52402[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2011]; People v Mayes, 19
Misc 3d 48 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Penal Law § 215.55, "Bail jumping in the third degree," provides as follows:
"A person is guilty of bail jumping in the third degree when by court order he has
been released from custody or allowed to remain at liberty, either upon bail or upon his own
recognizance, upon condition that he will subsequently appear personally in connection with a
criminal action or proceeding, and when he does not appear personally on the required date or
voluntarily within thirty days thereafter."
With respect to the accusatory
instrument charging the offense of bail jumping in the third degree, the complainant, an
employee of the District Attorney's Office, alleged, based upon her reading of certified printouts
from the CRIMS Computer System, that, by court order, [*4]defendant had been released from custody and was allowed to
remain at liberty upon the condition that he appear in court on April 11, 2016, that defendant
failed to appear in court on April 11th, and that defendant failed to appear in court within 30 days
of April 11th. We note that defendant waived any hearsay objections (see People v
Martinez,45 Misc 3d 134[A], 2014 NY Slip Op 51725[U], *2-3 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2014]). Consequently, we find, based upon the aforementioned
allegations by the complainant, that this accusatory instrument is facially sufficient, as it contains
facts of an evidentiary character supporting or tending to support the charge (see CPL
100.15 [3]) which establish reasonable cause to believe that defendant committed the charged
offense of bail jumping in the third degree (see CPL 100.40 [4] [b]), and provides
defendant with sufficient notice of the crime to satisfy the demands of due process and double
jeopardy (see People v Aragon, 28 NY3d at 128; People v Dumay,23 NY3d at
524; People v Dreyden, 15 NY3d at 103; People v Campbell, 69 Misc 3d 138[A], 2020 NY Slip Op
51319[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Martinez, 45 Misc 3d
134[A], 2014 NY Slip Op 51725[U]).
Defendant's remaining contentions either lack merit or have been rendered academic. 
Accordingly, the judgments convicting defendant of aggravated unlicensed operation of a
motor vehicle in the third degree, insofar as reviewed, and bail jumping in the third degree, and
the amended judgment are affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 24, 2021