People v Onwuanaibe (2022 NY Slip Op 50910(U))

[*1]

People v Onwuanaibe (Ojiugo)

2022 NY Slip Op 50910(U) [76 Misc 3d 132(A)]

Decided on September 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DONNA-MARIE E. GOLIA, CHEREÉ A.
BUGGS, JJ

2019-784 Q CR

The People of the State of New York,
Respondent,
against
Ojiugo Onwuanaibe, Appellant. 

New York City Legal Aid Society (Dalourny Nemorin of counsel), for appellant.
Queens County District Attorney, (Johnnette Traill, Christopher Blira-Koessler and Felicia
Thomas of counsel), for respondent.

Appeal from judgments of the Criminal Court of the City of New York, Queens County
(Scott Dunn, J.), rendered January 23, 2019. The judgments convicted defendant, upon her pleas
of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, two
charges of aggravated unlicensed operation of a motor vehicle in the third degree, and two
charges of bail jumping in the third degree, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
In five separate accusatory instruments, defendant was charged with, and upon her pleas of
guilty was convicted of, aggravated unlicensed operation of a motor vehicle in the second degree
(Vehicle and Traffic Law § 511 [2] [a] [iv]), two charges of aggravated unlicensed
operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and
two charges of bail jumping in the third degree (Penal Law § 215.55). For each conviction,
defendant was sentenced on January 23, 2019 to six months in jail, to run concurrently. On
appeal, defendant contends that the accusatory instruments are facially insufficient. She further
contends that the judgments convicting her of aggravated unlicensed operation of a motor vehicle
in the third degree should be reversed because they were based on the suspension of her license
for her failure to pay traffic fines in contravention of the subsequently enacted Driver's License
[*2]Suspension Reform Act (DLSRA), and that, in any event,
these two convictions should be reversed, pursuant to CPL 470.15 (3) (c), in the interest of
justice.
A challenge to the facial sufficiency of an accusatory instrument based on nonwaivable
jurisdictional defects is not forfeited by a guilty plea (see People v Dreyden, 15 NY3d 100 [2010]; People v Kalin, 12 NY3d 225
[2009]; People v Konieczny, 2
NY3d 569 [2004]; People v Keizer, 100 NY2d 114, 122 [2003]). Since defendant
waived her right to be prosecuted by information, the facial sufficiency of the accusatory
instruments must be reviewed according to the jurisdictional standards applicable to
misdemeanor complaints (see CPL 170.65 [3]; People v Aragon, 28 NY3d 125, 127 [2016]; People v Dumay, 23 NY3d 518,
522 [2014]). Consequently, in order for the accusatory instruments to be facially sufficient, the
factual portions of the complaints (together with any accompanying supporting depositions) must
allege "facts of an evidentiary character supporting or tending to support the charges" (CPL
100.15 [3]), and must provide "reasonable cause to believe that . . . defendant committed the
offense[s] charged" (CPL 100.40 [4] [b]; see People v Guaman, 22 NY3d 678 [2014]; People v Suber, 19 NY3d 247
[2012]; Kalin, 12 NY3d at 228). 
With respect to the complaints charging aggravated unlicensed operation of a motor vehicle
in the second and third degrees, we find, contrary to defendant's contention, that they, together
with the annexed documentation, satisfy the jurisdictional requirements (see CPL 100.15
[3]; 100.40 [4] [b]; Guaman, 22 NY3d 678; Suber, 19 NY3d 247; Kalin,
12 NY3d at 228), including the requirement that defendant knew or had reason to know of the
suspension of her driver's license (see generally People v Baltazar,73 Misc 3d 130[A],
2021 NY Slip Op 50948[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Sanago, 35 Misc 3d
143[A], 2012 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]; People v Austin, 34 Misc 3d
136[A], 2011 NY Slip Op 52402[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2011]).
With respect to the complaints charging bail jumping in the third degree, the deponent, an
employee of the District Attorney's Office, alleged therein that, based upon her reading of
certified printouts from the CRIMS Computer System, she ascertained that the Criminal Court
had ordered defendant to be released from custody and remain at liberty upon the condition that
she appear in court on June 21, 2018, and that defendant failed to appear in court on June 21st
and failed to appear in court within 30 days thereafter. We find, based on the deponent's
statements alone, that the accusatory instruments are facially sufficient, as they allege facts of an
evidentiary character supporting or tending to support the charges, provide reasonable cause to
believe that defendant committed the offenses charged, and provided defendant with sufficient
notice of the crime "to satisfy the demands of due process and double jeopardy" (Aragon,
28 NY3d at 128 [internal quotation marks omitted]; see Dumay, 23 NY3d at 524;
Dreyden, 15 NY3d at 103; People v Baltazar, 73 Misc 3d 130[A], 2021 NY Slip Op 50948[U];
People v Campbell, 69 Misc 3d
138[A], 2020 NY Slip Op 51319[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]).
Contrary to defendant's contention, the DLSRA, which amended, among other things,
Vehicle and Traffic Law § 510 (4-a) to remove the failure to pay a fine as a basis for the
suspension of a driver's license, was enacted after her convictions herein and does not mandate
the reversal of the two judgments convicting her of aggravated unlicensed operation of a motor
[*3]vehicle in the third degree. To the extent that defendant
argues that this court should reverse these judgments of conviction in the interest of justice
pursuant to CPL 470.15 (3) (c), we note that this case is not "one of those rare cases where it
would be inappropriate to sustain the conviction[s]" (People v Mitchell, 99 AD2d 609,
610 [1984]). 
Accordingly, the judgments of conviction are affirmed. 
WESTON, J.P., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 2, 2022