People v Pagan (2023 NY Slip Op 06321)

People v Pagan

2023 NY Slip Op 06321

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Ind No. 2472/17 Appeal No. 1173 Case No. 2018-5074 

[*1]The People of the State of New York, Respondent,
v
Wilfredo Pagan, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paris C. DeYoung of counsel), for appellants.
Alvin L. Bragg, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J., at plea; Ann E. Scherzer, J., at sentencing), rendered August 3, 2018, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree and aggravated unlicensed operation of a motor vehicle in the third degree, and sentencing him to concurrent terms of two years' probation and a $500 fine on each count, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see generally People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The combination of the court's oral colloquy with defendant and the detailed written waiver that he signed after consultation with counsel satisfied the requirements of a valid waiver. The waiver forecloses review of defendant's claim that the Driver's License Suspension Reform Act (DLSRA), which amended Vehicle and Traffic Law § 510(4-a) to remove the failure to pay a fine as a basis for the suspension of a driver's license, is retroactive (see People v Merchant, 209 AD3d 453 [1st Dept 2022], lv denied 39 NY3d 987 [2022] [defendant's waiver of his right to appeal precluded challenge to sentence, premised on his application for retroactive relief under the Rockefeller Drug Law Reform Act]; People v Lara-Medina, 195 AD3d 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]) [valid appeal waiver foreclosed review of defendant's claim that amendment to speedy trial statute should be applied retroactively to him]).
Regardless of whether defendant made a valid waiver of his right to appeal, nothing in the language of the DLSRA suggests that the Legislature intended that it apply retroactively (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). Thus, the DLSRA, enacted after defendant was convicted, does not mandate reversal of the convictions (see People v Urena, 80 Misc 3d 129[A] [App Term, 1st Dept 2023]; People v Onwuanaibe, 76 Misc 3d 132[A] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2022], lv denied 39 NY3d 964 [2022]). In any event, even if the statute were retroactive, it would not have warranted vacatur of the convictions, in light of those license suspensions that did not result from nonpayment of fines.
Defendant's challenge to the validity of his plea to the charge of second-degree aggravated unlicensed operation of a motor vehicle is unpreserved (see People v Lopez, 71 NY2d 662, 665-666 [1988]), and we decline to address it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant entered into a plea agreement pursuant to which he agreed to plead guilty to first-, second- and third-degree aggravated unlicensed operation of a motor vehicle in exchange for a promise that the first-degree felony conviction would be vacated, and sentence imposed only on the second- and third-degree misdemeanor counts, if defendant completed six days of community service and remained arrest-free for a [*2]year, conditions that defendant met. Defendant contends that the second-degree conviction must be vacated because, although the court conducted a proper factual allocution on the first- and third- degree counts, it did not elicit a factual basis for the second-degree count. However, no factual basis for the second-degree count was required under the circumstances here, where defendant bargained for a plea to a lesser crime and understood the nature of all the charges against him (see People v Johnson, 23 NY3d 973, 975 [2014]; People v Goldstein, 12 NY3d 295, 301 [2009]), notwithstanding the fact that the second-degree count was not a lesser included offense of the top charge (see People v Utsler, 63 Misc 3d 154[A] [App Term, 1st Dept 2019], lv denied 33 NY3d 1109 [2019]). The record as a whole indicates that defendant's plea was entered into knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375, 383 [2015]).
Defendant's waiver of appeal forecloses his excessive sentence claim (see People v Gonzalez, 178 AD3d 440 [1st Dept 2019], lv denied 35 NY3d 941 [2020]). In any event, we perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023